36263.   HAY, Administrator, *v.* CARTER.

DECIDED SEPTEMBER 20, 1956.

384

*A. J. Whitehurst*, for plaintiff in error.
*Jesse J. Gainey*, contra.

QUILLIAN, J. The trial judge erred in not granting the defendant's motion for a new trial. The evidence did not support the verdict. There was proof that the defendant was drinking and that she expressed a desire to settle with the plaintiff without indicating why she wished to make the settlement, but the record is entirely silent as to the cause of the collision between her automobile and that of plaintiff. It does not disclose whether the plaintiff's or the defendant's lack of care was the proximate cause of the collision or whether it was the result of pure accident. In Cardell *v*. Tennessee Electric Power Co., 79 Fed. 2d 934, 936, it was held: "All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to the following vehicles of his intention so to do. The driver of the following vehicle, in his turn, must exercise ordinary care to avoid collision with vehicles, both in front and those behind him."

It follows that the mere fact that one vehicle is struck in its rear, while another is not struck, is not sufficient to fix liability on the driver of either vehicle.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*