40524, 40525.   McCANN, Administratrix v. LINDSEY;
and vice versa.

HALL, Judge.   The general and the special grounds of the defendant's motion for new trial raise the questions whether the verdict for the plaintiff and the trial court's instructions to the jury concerning the plaintiff's contentions of negligence per se, and the law applicable to those contentions, were authorized by the evidence.

The petition alleged negligence by the defendant in failing to keep his automobile under control and a reasonable distance behind, and in failing to stop before colliding with the rear of the plaintiff's automobile, as well as negligence per se in violation of the statutory speed restriction, *Code Ann.* § 68-1626. There was undisputed evidence that the plaintiff was personally injured when on a bright, dry day he had stopped his automobile and had been sitting "a minute" or "a good little bit" in traffic and his mechanical signal indicators for a left turn were working, and he was struck from the rear by the defendant's automobile; that the plaintiff's car traveled 8 to 10 feet after the impact and was extensively damaged; a child in the back seat was thrown against the seat; and the defendant pleaded guilty in traffic court of following too closely in this incident.

Negligence may be shown by circumstances as well as by direct testimony.   If, considering all the surroundings and accompanying circumstances, an event is such "as in the ordinary course of things would not have occurred if the defendant had used ordinary care, negligence may be presumed, and place upon the defendant the burden of explaining the cause of the occurrence." *Western &c. R. v. Fowler,* 77 Ga. App. 206 (1) (47 SE2d 874) ; *Central of Ga. R. Co. v. Blackman,* 7 Ga. App. 766, 771 (68 SE 339) ; cf. *Minkovitz v. Fine,* 67 Ga. App. 176 (3) (19 SE2d 561).   The holding in *Hay v. Carter,* 94 Ga. App. 382 (94 SE2d 755), that the plaintiff failed to prove the defendant's alleged negligence is not controlling in the present case.   In that case there was no evidence of how the collision occurred, but only evidence that the defendant's vehicle was damaged in the front and the plaintiff's in the rear.

The evidence in the present case was sufficient to prove negligence in some of the particulars alleged in the plaintiff's peti-

tion and to authorize the charges complained of.   The trial court did not err in overruling the motion for new trial.   It is not necessary to pass on the cross bill of exceptions.

*Judgment affirmed.   Nichols, P. J., and Russell, J., concur.*

DECIDED JANUARY 27, 1964—

REHEARING DENIED FEBRUARY 11, 1964.

*Smith, Field, Ringel, Martin & Carr, Hoke Smith,* for plaintiff in error.

*Llop & Long, Nick Long, Jr.,* contra.