41289.   MALCOM v. MALCOLM.

ARGUED MAY 3, 1965—DECIDED JULY 14, 1965—
REHEARING DENIED JULY 29, 1965.

*Powell, Goldstein, Frazer & Murphy, C. B. Rogers, John T. Marshall, John Westmoreland, Sr., B. Hugh Burgess,* for plaintiff in error.

*Peek, Carr, Whaley & Blackburn, J. Corbett, Peek, Jr., Glenville Haldi,* contra.

JORDAN, Judge. 1. "Questions of negligence, of contributory negligence, of cause and proximate cause, and of whose negligence or of what negligence constitutes the proximate cause of an injury are, except in plain, palpable and indisputable cases, solely for the jury." *Long Constr. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726). It was not the purpose of the summary judgment law (Ga. L. 1959, p. 234 et seq.; *Code Ann. Ch.* 110-12) to change these general rules with reference to sub-

mitting questions to the jury (*Wasserman v. Southland Invest-ment Corp.*, 105 Ga. App. 420, 124 SE2d 674), as it is permissi-ble to grant a motion for summary judgment only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442). In making this deter-mination, the evidence is to be construed most favorably to the party opposing the motion, and he is to be given the benefit of all reasonable doubts and of all reasonable inferences from it. *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178 (129 SE2d 408).

Applying these principles to the record in this case, it is our opinion that the trial court erred in granting the plaintiff's motion for summary judgment. It cannot be said as a matter of law that the defendant was guilty of negligence in operating his automobile at a speed of 20 m.p.h. under the conditions present, or in driving at a distance of only 25 feet to the rear of the plaintiff's automobile. Neither *Code Ann.* § 68-1641, prohibiting one motor vehicle from following another "more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway," nor *Code Ann.* § 68-1626, providing that "In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal require-ments and the duty of all persons to use due care" defines pre-cisely what constitutes following too closely or driving at an excessive speed. These statutes merely furnish a general rule of conduct (*Teague v. Keith*, 214 Ga. 853, 108 SE2d 489) ; and it is for the jury to determine in the light of all the attendant circumstances of the case, whether these statutory provisions have been violated. *Flanigan v. Reville*, 107 Ga. App. 382 (130 SE2d 258) ; *Hargrove v. Tanner*, 98 Ga. App. 16 (104 SE2d 665) ; *Hay v. Carter*, 94 Ga. App. 382 (94 SE2d 755).

Nor can it be said as a matter of law that the defendant was negligent in not keeping a proper lookout ahead, in failing to keep his vehicle under control, and in failing to apply his brakes so as to stop and avoid striking the plaintiff's automo-

bile, as charged in the petition. The defendant testified that he was watching the road ahead and his attention was not diverted to either side of the road, that he saw the plaintiff stop his car suddenly, and that he immediately put on brakes, but could not avoid striking the plaintiff's automobile. Under this testimony, the only fact from which negligence may be inferred is that of the collision itself, and the court on motion for summary judgment must give the opposing party the benefit of all favorable inferences rather than find against him on the basis of an unfavorable inference.

As pointed out in *Flanigan v. Reville,* 107 Ga. App. 382, supra, neither *Code Ann.* § 68-1641, nor *Code Ann.* § 68-1626, "nor any other provision of law of which we are aware, places an absolute duty on any driver to avoid a collision. All the circumstances and conditions at the time and place including the conduct of other drivers must be taken into account." The court thus held in that case that it was not abstractly incorrect to charge the jury that: "A leading vehicle has no absolute legal position superior to that of one following." In *Hay v. Carter,* 94 Ga. App. 382, 384, supra, this court quoted from Cardell v. Tennessee Electric Power Co., 79 F2d 934, 936, as follows: "All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to the following vehicles of his intention so to do. The driver of the following vehicle, in his turn, must exercise ordinary care to avoid collision with vehicles, both in front and those behind him." This court held in the *Hay* case, supra, that: "It follows that the mere fact that one vehicle is struck in its rear, while another is not struck, is not sufficient to fix liability on the driver of either vehicle." And in the *Hargrove* case, supra, it was specifically pointed out that the issue of whether one of the parties was following too closely should be left to the jury.

Nor was the defendant precluded as a matter of law from

having the issue of his negligence determined by a jury because of his plea of guilty in traffic court to the charge of following too closely. "The rule, as to parties to a suit, is that, while convictions for criminal offenses are inadmissible in a civil action of this kind, a plea of guilty may be shown as an admission against interest." *Akin v. Randolph Motors, Inc.*, 95 Ga. App. 841, 848 (99 SE2d 358). Such admission, however, "is only a circumstance to be considered along with all the other evidence in the civil action for damages," and is not conclusive of the fact that the defendant was negligent. *Roper v. Scott*, 77 Ga. App. 120, 124 (48 SE2d 118). See *Dixon v. Cassels Co.*, 34 Ga. App. 478 (130 SE 75); Green, Georgia Law of Evidence, § 238, p. 526. The statement in the *Roper* case, supra, at p. 124, that "a plea of guilty is a formal confession in court on which a judgment may be rendered," does not mean to imply that a judgment in a subsequent civil action may be rendered ipso facto on the basis of a plea of guilty entered in a prior criminal case involving the transaction out of which the civil action arose but means that a judgment in a criminal case may be rendered on a plea of guilty entered in that case.

Among the other evidence in this case to be considered and resolved by the trior of fact, and not by the court, is the conflicting testimony of the plaintiff and the defendant with respect to the manner in which the plaintiff stopped his automobile. The plaintiff stated in his affidavit that "the stopping motion of the deponent was not made suddenly or without warning, but by a gradual application of his brakes to bring his vehicle to a stop slowly from a speed in the neighborhood of 15 m.p.h.," and that "the deponent's tail-lights on his automobile were operating properly and he had signaled to the rear of his application of his brakes as he brought his vehicle to a stop." The defendant on the other hand gave testimony which would authorize a finding that the plaintiff came to a sudden stop, that his tail-lights did not come on, and that he did not give a hand signal. While the fact that the plaintiff may have stopped suddenly and without warning in a line of traffic would not necessarily excuse the negligence, if any, of the defendant, it would clearly be a circumstance for the jury to consider in determining

the issue of the degree of liability of the defendant in this case for the damages sustained by the plaintiff. "Under our Code, if the injury was primarily due to the negligence of the defendant, the right of the plaintiff is not defeated, even though but for the concurring negligence of the plaintiff the injury might not have resulted; but the plaintiff's recovery should be diminished in proportion to the degree in which his negligence contributed to the injury." *O'Dowd v. Newnham*, 13 Ga. App. 220, 230 (80 SE 36). "For the apportionment of damages according to the relative fault of the parties, there seems to be no standard more definite than the enlightened opinion of the jury." *Georgia R. &c. Co. v. Neely*, 56 Ga. 540, 544.

It follows therefore that the trial court erred in determining as a matter of law that the defendant was liable for the damages, if any, sustained by the plaintiff as a result of the collision, as this was an issue for the jury's determination under the record before the court; and the judgment of the trial court granting the plaintiff's motion for summary judgment must be reversed.

2. The erroneous grant of the motion for summary judgment as to the liability of the defendant necessarily rendered the subsequent trial on the issue of damages nugatory. However, we have examined the amended motion for new trial and find that one special ground requires consideration by the court at this time.

The plaintiff alleged in his petition that certain internal organs, particularly the heart, were bruised in the collision, that shortly after the collision he suffered chest pains and that as a direct and proximate result of the collision he has myocardial ischemia which is a permanent disability. At the trial, evidence was admitted that plaintiff had arteriosclerotic heart disease before the collision and that persons with such disease who experience nervousness or anxiety suffer chest pain or angina pectoris. Evidence was also introduced by the plaintiff to show that the plaintiff suffered nervousness and anxiety as a result of the collision and that this affected his heart condition and produced chest pain. The medical evidence further showed, however, that nervousness or anxiety stemming from

emotional conditions, such as anxiety over business and financial affairs, could also affect such heart condition and cause angina pectoris.

In view of this testimony the defendant attempted to show that between the date of the collision and the time when a worsening in his heart condition was noted, the plaintiff was involved in several lawsuits. Upon objection to this line of questioning, the defendant offered to prove that the plaintiff was the defendant in four lawsuits filed between the date of the collision and the time of trial; that one of the lawsuits charged the plaintiff with making false financial statements about financial transactions during July 1962, a period of time between the plaintiff's electrocardiogram on October 17, 1961, and the electrocardiogram in December 1962, which showed that the plaintiff's heart condition had gotten worse during this period; that the plaintiff had filed a petition in bankruptcy on October 1, 1964; that the circumstances surrounding the plaintiff's business transactions and his bankruptcy petition were sources of tension and anxiety completely disassociated with the collision of May 31, 1961, which could, under the testimony admitted by the court, account for the plaintiff's heart condition and complaints.

In view of the medical testimony as to the nature and cause of the plaintiff's aggravated heart condition, it is our opinion that the defendant should have been allowed to pursue this line of questioning and put these matters before the jury for their consideration. However, as suggested in the brief of counsel for the plaintiff, the defendant "should have employed the device of cross examination in connection with the medical testimony offered or perhaps even should have offered his own medical testimony," in order to establish a more thorough medical background for the introduction and consideration of these factual circumstances. This the defendant will have an opportunity to do on the subsequent trial of this case.

*Judgment reversed. Felton, C. J., and Deen, J., concur.*