## 41606. DOWLING v. CAMDEN COUNTY.

HALL, Judge. The trial of this wrongful death action arising out of an automobile collision resulted in a verdict and judgment for the defendant. The plaintiff appealed after the trial court overruled the general and special grounds of her motion for new trial. *Held:*

1. The defendant argues that a verdict in its favor was demanded because it denied, and the plaintiff did not prove at the trial, the allegation of the plaintiff's petition, "That defendant has waived its defense of governmental immunity and has elected to submit to the jurisdiction of this court by complying with the provisions of Section 56-2437 of the Code of Georgia of 1933 as amended. (Acts 1960, pp. 289-673)."

The statute providing that a county shall waive its governmental immunity to suit to the extent of the amount of liability insurance purchased by authority of the statute provides that the county ". . . shall be liable for negligence as herein provided only for damages suffered while said insurance is in force, but in no case in an amount exceeding the limits or the coverage of any such insurance policy. No attempt shall be made in the trial of any action brought against . . . county . . . to suggest the existence of any insurance which covers in whole or in part any judgment or award which may be rendered in favor of the plaintiff, and if the verdict rendered by the jury exceeds the limits of the applicable insurance, the court shall reduce the amount of said judgment or award to a sum equal to the applicable limits stated in the insurance policy." Ga. L. 1960, pp. 289, 673 (*Code Ann.* § 56-2437).

To show her right to relief against Camden County it was necessary that the plaintiff allege waiver of governmental immunity in accordance with the statute. The statute, however, prohibits the plaintiff from showing at the trial that the county's liability is covered by insurance. When the county denied the allegation that it had waived governmental immunity under the statute, it could have eliminated the necessity for a trial by making a motion for summary judgment, or by a special plea of avoidance or a motion to try the defense of governmental immunity before any other issue. *Code* § 81-307; *Louisville & N. R. Co. v. Barrett,* 143 Ga.

742, 745 (85 SE 923); *Coggins v. Edmonds,* 209 Ga. 381, 383 (73 SE2d 199); *Stanley Home Products Co. v. Lucas,* 107 Ga. App. 260, 262 (129 SE2d 568). When the county is willing to go to trial on the other issues, the statute will not allow the introduction of evidence on the issue of governmental immunity. However, the statute also prohibits a judgment against the county in excess of the insurance coverage. Accordingly, the trial court can require evidence of insurance purchased by the county in order to mold its judgment to conform to the statute.

2. One of the plaintiff's enumerations of error is that there was no evidence to support the court's charge on the law applicable to negligence of the plaintiff's decedent concurring with negligence of the defendant, and on apportioning damages in accordance with the comparative negligence of the parties. The evidence showed that the plaintiff's decedent was a passenger in an automobile driven by someone else, and was asleep when the collision occurred. The defendant argues that the driver's conduct was negligent and that the driver's negligence was imputable to the plaintiff's decedent because he and other passengers in the automobile paid the driver a weekly sum to cover expenses of traveling to their work, and when the passengers wanted him to, the driver would stop at a rest room or to purchase cigarettes. The evidence was insufficient to show that the plaintiff's decedent had a right to control, direct and govern the operation and running of the automobile, and did not support the charge complained of. *Holland v. Boyett,* 212 Ga. 458 (93 SE2d 662); *Fuller v. Mills,* 36 Ga. App. 357 (136 SE 807); *Jones Mercantile Co. v. Copeland,* 54 Ga. App. 647, 649 (188 SE 586); *Beadles v. Bowen,* 106 Ga. App. 34, 38 (126 SE2d 254). ·

For this reason the judgment denying a new trial must be reversed.

3. Enumeration of error No. 4 does not show error for the reason that neither the enumeration of error, the amended motion for new trial, the record, nor the transcript shows that objection to the admission of the evidence complained of in the brief was made to the trial court. *Law v. State,* 110 Ga. App. 364, 365 (138 SE2d 588).

Other enumerations of error need not be considered. On retrial the alleged errors of omissions in the charge probably will not occur, as counsel can make proper requests for instructions they deem necessary, and the instructions containing

other alleged errors probably will not be the same as at the first trial.

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*

ARGUED NOVEMBER 4, 1965—DECIDED JANUARY 5, 1966— REHEARING DENIED JANUARY 25, 1966.

*Ronald F. Adams,* for appellant.

*Bennett, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for appellee.