43458. D. G. MACHINERY & GAGE COMPANY v.
HARDY et al.

HALL, Judge. The plaintiff enumerates as error the order of the trial court dismissing its petition.

1. The appellee filed a motion to dismiss the appeal on the ground the transcript was not filed within thirty days of the filing of the notice of appeal as required by *Code Ann.* § 6-806. The transcript was filed three days after the time within which the trial court entered an order extending the time for filing. At the 1968 session of the General Assembly of Georgia, Section 13 (d) of the Appellate Practice Act of 1965 was amended to read as follows: "An appeal shall not be dismissed nor consideration thereof refused because of failure of the court reporter to file the transcript of evidence and proceedings within the time allowed by law or order of court, unless it affirmatively appears from the record that such failure was caused by the appellant." Ga. L. 1968, pp. 1072, 1074. As we have previously held, such an amendment, being remedial in nature, is "retroactive as to pending cases in this court." *St. Paul Fire &c. Ins. Co. v. Postell*, 113 Ga. App. 862, 865 (149 SE2d 864); *Horton v. Western Contracting Corp.*, 113 Ga. App. 613 (149 SE2d 542). See in this regard *Hill v. Willis*, 224 Ga. 263 (1) (161 SE2d 281). Since nothing affirmatively appears from the record that the three-day delay was caused by the appellant, the motion to dismiss is denied.

2. The petition alleged negligence by the defendant in following another vehicle more closely than is reasonable and prudent in violation of *Code Ann.* § 68-1641 (a), failing to control the speed of its vehicle in violation of *Code Ann.* § 68-1626 (a), failing to maintain a vigilant lookout for other vehicles, and failing to control its vehicle. There was undisputed evidence that at the time of the collision, the plaintiff's vehicle was stopped on a ramp to enter Interstate Highway 75 and, while waiting for other vehicles traveling upon the expressway to pass, was struck from the rear by the defendant's vehicle; and the plaintiff's bumper and trunk were driven into the back of the car by the impact. "Negligence may be shown by circumstances as well as by direct testimony. If, considering all the surroundings and accompanying circumstances, an event is such 'as in the ordinary course of things would not have occurred if the defendant had used ordinary care, neg-

46

ligence may be presumed, and place upon the defendant the burden of explaining the cause of the occurrence.' *Western &c. R. v. Fowler,* 77 Ga. App. 206 (1) (47 SE2d 874) ; *Central of Ga. R. Co. v. Blackman,* 7 Ga. App. 766, 771 (68 SE 339) ; cf. *Minkovitz v. Fine,* 67 Ga. App. 176 (3) (19 SE2d 561). The holding in *Hay v. Carter,* 94 Ga. App. 382 (94 SE2d 755), that the plaintiff failed to prove the defendant's alleged negligence is not controlling in the present case. In that case there was no evidence of how the collision occurred, but only evidence that the defendant's vehicle was damaged in the front and the plaintiff's in the rear." *McCann v. Kinsey,* 109 Ga. App. 104 (135 SE2d 519). See also *Pike v. Stafford,* 111 Ga. App. 349 (141 SE2d 780). The evidence in the present case was sufficient to authorize an inference that the defendant was negligent in some of the particulars alleged in the petition. The trial court erred in dismissing the plaintiff's action for the reason the complaint adequately stated a *claim* for relief. Ga. L. 1966, pp. 609, 619, as amended *(Code Ann.* § 81A-108).

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*

SUBMITTED FEBRUARY 6, 1968—DECIDED JUNE 6, 1968— REHEARING DENIED JUNE 24, 1968—

*Fine & Block, A. J. Block, Jr.,* for appellant.

*Nall ,Miller, Cadenhead & Dennis, Robert E. Corry, Jr.,* for appellees.