46054. ROBERTSON v. JACKSON.

SUBMITTED MARCH 1, 1971—DECIDED APRIL 7, 1971.

*Swift, Currie, McGhee & Hiers, Albert E. Phillips, Walter O. Lambeth, Jr.,* for appellant.

*Frank R. Lea,* for appellee.

DEEN, Judge. Rear-end collisions are no exception to the rule of law that there is no absolute duty upon the following driver to avoid a collision, so that where no more appears than that there has been such a collision, with no facts proven from which an inference of negligence can be drawn, the plaintiff has failed to carry the burden of proof. *Hay v. Carter,* 94 Ga. App. 382 (94 SE2d 755), and, as to applicable jury instructions, see *Flanigan v. Reville,* 107 Ga. App. 382 (130 SE2d 258) and *Davenport v. Robinson,* 109 Ga. App. 753 (137 SE2d 380). Under fact situations where either the plaintiff's preponderating negligence was proved or that of the defendant was not, verdicts for the defendant have been upheld in *Cartey v. Smith,* 105 Ga. App. 809 (125 SE2d 723) and *Simpson v. Brand,* 108 Ga. App. 393 (133 SE2d 393). The

question is ordinarily for the jury. A summary judgment was properly denied the plaintiff on the issue of liability in *Harper v. Plunkett,* 122 Ga. App. 63 (176 SE2d 187), and its grant was error in *Malcom v. Malcolm,* 112 Ga. App. 151 (144 SE2d 188). The plaintiff may, however, be entitled to a summary judgment on the issue of liability where it is shown without dispute that the plaintiff was properly stopped, as at an entrance to an expressway ramp, and the defendant after having come to a halt then hit the plaintiff's car, and no other facts appear. *Pike v. Stafford,* 111 Ga. App. 349 (141 SE2d 780). Verdicts for the plaintiff were affirmed in *Krasner v. Mullins,* 108 Ga. App. 171 (132 SE2d 533); *McCann v. Lindsey,* 109 Ga. App. 104 (135 SE2d 519); *Hein v. Morgan,* 112 Ga. App. 535 (145 SE2d 780); *Nathan v. Duncan,* 113 Ga. App. 630 (149 SE2d 383); *O'Neil v. Moore,* 118 Ga. App. 424 (164 SE2d 328) and *Newcomb v. Patillo,* 119 Ga. App. 495 (167 SE2d 665). A reading of the facts in these latter cases shows that where the plaintiff proves the fact of the collision *plus* sufficient circumstances to show how he claims it occurred, and the facts of how it occurred are sufficient to raise an inference of negligence on the part of the defendant, this is sufficient although the plaintiff was also negligent (as in *Hein*). In *McCann* it was stated: "Negligence may be shown by circumstances as well as by direct testimony. If, considering all the surroundings and accompanying circumstances, an event is such 'as in the ordinary course of things would not have occurred if the defendant had used ordinary care, negligence may be presumed, and place upon the defendant the burden of explaining the cause of the occurrence.' "

The general rule is that where the plaintiff driver is forced by traffic or traffic lights ahead to slow or stop, and the defendant who hits the lead car contends that he was not guilty of negligence, the question is for the jury, but such evidence is in and of itself, sufficient to sustain the inference of negligence on the part of the defendant if the jury believes such to have been the fact, and if other evidence does not demand a contrary conclusion.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*