47053. TENNYSON et al. v. COLUMBUS, GEORGIA.
47054. JONES v. COLUMBUS, GEORGIA.

PANNELL, Judge. The cases appealed were two tort actions brought against the City of Columbus, alleging in paragraph 16 of each case that "Defendant, Columbus, Georgia, has waived its governmental immunity by purchasing motor vehicle liability insurance, all as provided by Georgia Code Ann. 56-2437." In each case a motion was made to strike certain portions of the complaint on two numbered grounds, ground 1 of which was as follows: "The City of Columbus, Georgia, a municipal corporation, named Defendant in the above action, moves the Court to strike Paragraph 16 of Plaintiffs' complaint on the ground that the allegation contained in said Paragraph is redundant, immaterial, impertinent, prejudicial to this Defendant, and is prohibited by law; and Defendant further moves the Court to require Plaintiffs to

recast that portion of their Complaint by purging of the language contained in said Paragraph 16 which refers to or is descriptive of any motor vehicle liability insurance coverage or policy." After hearing, the following order was entered: "The within motion coming on for hearing as scheduled, and after argument by counsel for all parties, it is: Ordered, Considered and Adjudged that Ground 1 of the Defendant's motion be and the same is hereby sustained and Plaintiffs are required to recast their complaint and to remove the allegations complained of; and Ground 2 of said Motion is overruled." On appeal to this court by the complainants, error was enumerated on (1) that portion of the orders striking paragraph 16, and (2) that portion of the orders requiring the recasting of the petition or complaint by eliminating Paragraph 16. *Held:*

1. The trial court erred in striking paragraph 16 in each instance on the ground urged that the allegations contained therein are "redundant, immaterial, impertinent, prejudicial to this Defendant, and . . . prohibited by law," as the allegations therein contained were necessary and essential to show a cause of action against the governing authorities of the City of Columbus and were properly pleaded. *Dowling v. Camden County,* 113 Ga. App. 34 (146 SE2d 925); *Cox v. DeJarnette,* 104 Ga. App. 664, 673 (123 SE2d 16).

2. To prevent that portion of the complaint so alleging from going out with the jury during their deliberations or being read to them, on the trial of the case, there was no error in ordering the complaints to be recast for this purpose in order to meet the requirements of the statute that no attempt shall be made in the trial of such an action to suggest the existence of any insurance. Ga. Insurance Code § 56-2437 (Ga. L. 1960, pp. 289, 673; *Code Ann.* § 56-2437). This portion of the orders, that is to recast the complaints, is affirmed with direction that the orders be amended so as to limit the orders to this purpose alone.

*Judgment reversed in part; affirmed in part with direction.*
Hall, P. J., and Quillian, J., concur.
ARGUED APRIL 7, 1972—DECIDED SEPTEMBER 5, 1972.

*Grogan, Jones & Layfield, Milton Jones,* for appellants.
*Kelly, Champion, Denney & Pease, Edward W. Szczepanski, S. E. Kelly,* for appellee.