## 48317. STEPHENS v. McCLAIN.

HALL, Presiding Judge. Stephens appeals from the trial court's grant of defendant McClain's motion for directed verdict at the close of Stephens' evidence at the trial of his claim for property damage occasioned by an automobile collision.

The Stephens automobile, driven at the time by Mrs. Stephens, collided with the defendant's dune buggy at an intersection. Mrs. Stephens testified that prior to the impact she had not seen the dune buggy. Therefore, the only question before us in this appeal is whether the circumstantial evidence of defendant's negligence adduced by plaintiff was adequate to withstand defendant's motion.

Plaintiff's evidence showed that she had been traveling east on Campbellton Road when she was required to stop for a red light. She was in the curb-side lane. When the light changed to green she proceeded straight into the intersection, having additionally been directed to proceed in that way by a police officer who was on the scene because of an earlier collision there. While she was still in the intersection her car was hit on the left side by the dune

buggy. Diagrams drawn by the witnesses showed a positioning of the two vehicles after collision which was not inconsistent with plaintiff's claim that defendant's vehicle had come from the left.

Defendant's motion for directed verdict was made and sustained on the ground that plaintiff had failed to show any negligence on the part of defendant, and that mere evidence that a collision had occurred would not authorize an inference of defendant's negligence. Because we find that the circumstantial evidence here was sufficient to authorize an inference of defendant's negligence, and is not equally consistent with a theory of his non-negligence, we reverse.

It is a firmly established rule that "Negligence may be shown by circumstances as well as by direct testimony. If, considering all the surrounding and accompanying circumstances, an event is such 'as in the ordinary course of things would not have occurred if the defendant had used ordinary care, negligence may be presumed, and place [sic] upon the defendant the burden of explaining the cause of the occurrence.' " *McCann v. Lindsey,* 109 Ga. App. 104 (135 SE2d 519). Accord, *D. G. Machinery &c. Co. v. Hardy,* 118 Ga. App. 45 (162 SE2d 852) rev'd on other grounds, 224 Ga. 818 (165 SE2d 127). See also *Davenport v. Robinson,* 109 Ga. App. 753 (137 SE2d 380).

When a driver proceeds from a stop through an intersection on a green light, in the curb-side lane, after having been directed by a policeman so to proceed and then is hit without warning by a moving car on the left side, plainly an inference is authorized that the impacting vehicle either came from the cross street and ran the red light into the intersection, or that failing to yield the right of way it turned in front of the plaintiff's driver from a position in the lane of oncoming traffic.

This case is not governed by the general rule set forth in *Hay v. Carter,* 94 Ga. App. 382 (94 SE2d 755), that the fact of collision alone will not authorize an inference of negligence on the part of anyone. In that case involving a rear end crash there was no evidence whatever of how the collision occurred, no testimony concerning it by any driver involved, and nothing to negative defendant's pleaded contention that plaintiff had suddenly stopped in the middle of the road. The plaintiff himself testified only on the value of the automobile; the defendant died before trial.

Nor is the instant case governed by the rule of *Bartell v. Del Cook Lumber Co.,* 108 Ga. App. 592 (133 SE2d 903), urged by

defendant-appellee, because the circumstantial evidence here, as we noted above, is not as consistent with the lack of defendant's negligence as with negligence.

The direction of a verdict for defendant was error. See *McCann v. Lindsey,* 109 Ga. App. 104, supra.

*Judgment reversed. Evans and Clark, JJ., concur.*

SUBMITTED JULY 9, 1973 — DECIDED SEPTEMBER 13, 1973.

*Martin, Skinner & Adkins, Russell L. Adkins, Jr.,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Charles E. Walker,* for appellee.