## 48543, 48544. GLAZE v. BAILEY (two cases).

EVANS, Judge. Eddie Roy McEwen drove his automobile into the rear of an automobile operated by Mrs. Joyce Bailey, while she was stopped in a line of traffic on an interstate highway, inflicting damages and personal injuries. Mrs. Bailey sued McEwen because of his alleged negligence; and her husband, Mack L. Bailey, sued McEwen for loss of consortium of his wife and for medical expenses incurred as a result of the collision. Defendant answered, denying the material allegations of each complaint. Thereafter, during the pendency of the litigation, defendant died, and G. E. Glaze, as administrator of his estate, was substituted for the original defendant. The cases were consolidated for trial; and after hearing evidence, the court directed a verdict against the defendant as to liability in each case. Verdicts were then returned by the jury in favor of the plaintiffs, and judgments entered in accordance thereto. Defendant appeals. *Held:*

1. The evidence showed that the automobile driven by plaintiff was stopped in a line of traffic on an interstate highway when the automobile driven by defendant struck it in the rear with sufficient force to move her automobile while its brakes were on, causing it to strike another automobile six feet in front of her. She never did see defendant, as she was rendered unconscious by the impact. The parties stipulated that her car was struck in the rear by defendant's car. A police officer testified that he had a conversation with defendant at the scene approximately 10-15 minutes after receiving the call to investigate the collision; that defendant told him, "he was driving approximately forty miles per hour, and he didn't give a reason for not being able to stop before he hit the vehicle. . ." This testimony was allowed as a part of the res gestae, over defendant's objection. There was ample proof of the damage incurred.

The evidence was sufficient to support the verdict. The court did not err in refusing to direct a verdict in favor of the defendant. All enumerations involving the sufficiency of the evidence are not meritorious.

2. Did the evidence demand a verdict in favor of the plaintiff as to liability? The jury must consider whether defendant failed to exercise ordinary care in driving his automobile in the manner of an ordinarily prudent person at the time of the collision. Generally, it is a jury question as to which party is at fault when

a plaintiff is hit in the rear by defendant and when both are driving on the highways and streets. See Code Ann. §§ 68-1626 (a) (c), 68-1641 (Ga. L. 1953, Nov. Sess., pp. 556, 557, 585; 1959, p. 303; 1961, pp. 438, 439; 1963, p. 26; 1964, pp. 294, 295; 1965, p. 322; 1968, p. 987; 1968, p. 1158; 1968, pp. 1427, 1428, 1429; 1972, p. 951). But here, plaintiff's testimony shows she was completely stopped and could not move because of the traffic, when she was hit in the rear by the defendant. Unfortunately, defendant's death precluded his testifying. The testimony of the officer as to his admission against interest suggests that the deceased violated Code Ann. §§ 68-1626 (a) (c), 68-1641, supra, with a complete absence of testimony to rebut plaintiff's prima facie showing as to his negligence per se. There are many cases of rear-end collisions, but it appears that the cases of *Pike v. Stafford,* 111 Ga. App. 349 (141 SE2d 780); *Sutherland's Eggs, Inc. v. Barber,* 116 Ga. App. 393 (157 SE2d 491); and *Rosenfeld v. Young,* 117 Ga. App. 35 (159 SE2d 447), more nearly fit the situation here than *O'Neil v. Moore,* 118 Ga. App. 424, 429 (164 SE2d 328), or *Thomason v. Willingham,* 118 Ga. App. 821, 822 (1) (165 SE2d 865). Plaintiff's evidence shows she was completely free of negligence, and does not show a permissible inference that she was negligent or may have contributed to the cause of the collision. *Poss v. Carlton Co.,* 122 Ga. App. 548 (177 SE2d 829), differs on its facts from this case. Generally, as stated in *Hay v. Carter,* 94 Ga. App. 382 (94 SE2d 755), the driver of the rear vehicle is not at fault simply because his vehicle struck the vehicle ahead of him. As defendant's evidence does not show any legal reason or excuse for his failure to avoid colliding with the rear of plaintiff's automobile, the court properly directed a verdict against him as to liability. See also *Johnson v. Curenton,* 127 Ga. App. 687 (195 SE2d 279) and citations therein having similar rulings in rear-end collisions.

3. No definite period of time was proven as to how long it was after the collision before the police were called. The officer testified he talked to the defendant at the scene 10 or 15 minutes after the call. While this may not be enough to show the conversation was a part of the res gestae under Code § 38-305, the declaration was against his interest, not made with a view of pending litigation, and it was by a person since deceased. Code § 38-309. The declaration was admissible, and the court did not err in allowing this testimony in evidence. *Barbre v. Scott,* 75 Ga. App. 524 (43 SE2d 760); *Handley v. Limbaugh,* 224 Ga. 408, 414 (162

SE2d 400); *Wade v. Drinkard,* 76 Ga. App. 159 (45 SE2d 231). The police officer was not incompetent under Code § 38-1603. The court did not err in allowing this testimony in evidence.

4. The photographs of Mrs. Bailey, taken before she was injured, showed her apparent good health at that time. The court did not err in allowing the same in evidence. Photographs are ordinarily admissible unless they contain inflammatory depictions which might be prejudicial toward the objecting party, none of which was present here. *Shaw v. State of Ga.,* 83 Ga. 92 (2) (9 SE 768). Further, the only objection made was that they were "not relevant." Such an objection is entirely too vague, ambiguous and general to constitute a proper objection. *Hayes v. State,* 36 Ga. App. 668, 669 (1e) (137 SE 860); *Wilson v. McConnell,* 36 Ga. App. 767 (1b) (138 SE 244).

5. While defendant requested a charge in writing for the jury to disregard any sympathy for the plaintiff in its deliberations, the court amply covered this request in its charge that: ". . . the law . . . seeks to give fair pay or compensation for the injury done, and you should keep this rule in mind in passing upon the various items of damages considered in this case without giving favor or affection, prejudice or sympathy, toward either party whatsoever." This complaint is not meritorious. *Seagraves v. ABCO Mfg. Co.,* 121 Ga. App. 224, 226 (3) (173 SE2d 416).

Further, the request as submitted was argumentative, and one-sided, in that it would have left the jury under the impression that only the plaintiff was to be given no sympathy; which naturally would have suggested that it would not be improper to sympathize with the defendant who was being sued for damages. It is not error to refuse to charge an argumentative request. *Moon v. Kimberly,* 116 Ga. App. 74 (1) (156 SE2d 414).

6. Having considered every enumeration of error and finding no error, the judgment is affirmed.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

SUBMITTED SEPTEMBER 14, 1973 — DECIDED NOVEMBER 7, 1973.

*Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Jr.,* for appellant.

*Hayes & Hayes, Mose S. Hayes, Jr.,* for appellees.