## 48572. KRASNER v. CITY OF ATLANTA.

QUILLIAN, Judge. Norman Krasner was charged in the City Court of Atlanta with "following too closely." The trial judge found the defendant guilty, set a fine of $22, and suspended the sentence. The defendant brought a petition for certiorari in the Fulton Superior Court. The certiorari was dismissed and appeal taken to this court. *Held:*

On consideration of the certiorari, we are concerned with errors of law only. Here, the sole issue is whether there was any evidence to sustain the judgment rendered. "Where a petition for the writ of certiorari is based solely on the allegation that the finding of the trial court was unsupported by any evidence, and the finding is sustained on review by the judge of the superior court, and the certiorari overruled, no question for decision by this court is presented if there is some evidence to support the finding of the trial court." *Venable v. Bacon Produce Co.*, 26 Ga. App. 725 (106 SE 797).

The following pertinent facts appear from the petition for certiorari which were admitted as to substance in the answer to certiorari. Three vehicles were involved in a collision on I-85. Car 1 was struck in the rear by Car 2 which in turn was struck in the rear by Car 3. The defendant was the driver of Car 3. He stated that he had been driving North on I-85 in next to the extreme left lane; that after passing the Atlanta Stadium the driver of Car 2 pulled to the right in front of his car, went a couple of car lengths and suddenly slowed and stopped. That Car 3 was going 40 miles per hour and did not have enough notice or warning that Car 2 was going to slow suddenly and stop and thus Car 3 ran into the rear of Car 2. The driver of Car 2 stated he was behind Car 1 and that it stopped in front of him and he had to stop. The driver of Car 1 stated he had to stop because a car in front of him stopped and he was then struck by Car 2. There was no other testimony about the respective locations of the cars at the time of the accident.

As pointed out in *Malcom v. Malcolm*, 112 Ga. App. 151, 155 (144 SE2d 188): "Neither Code Ann. § 68-1641 [Ga. L. 1953, Nov. Sess., pp. 556, 585] . . . nor any other provision of law of which we are aware, places an absolute duty on any driver to avoid a collision . . . A leading vehicle has no absolute legal position superior to that of one following . . . The mere fact that one vehicle is struck in its rear . . . is not sufficient to fix liability on the driver of either vehicle." See *Flanigan v. Reville*, 107 Ga. App. 382 (130 SE2d 258); *Robertson v. Jackson*, 123 Ga. App. 623 (181 SE2d 905). Although the cases cited are civil not criminal, it is clear this rule has even greater force in a criminal case. The burden was not on the defendant but was on the city to establish that the defendant was violating the law. Since, in a civil case, the fact that a vehicle is struck from behind by another is not sufficient to fix liability (*Hay v. Carter*, 94 Ga. App. 382, 384 (94 SE2d 755)),

it is clear that such circumstance would not stand to convict the defendant in a criminal court. Especially is this true where the defendant offered exculpatory testimony as to the cause of the collision and there was no testimony to contradict his. Hence, it was error for the trial judge to dismiss the certiorari.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 12, 1973 — DECIDED JANUARY 9, 1974.

*Norman Krasner,* for appellant.

*W. Paul Walker,* Solicitor, *Robert A. Harris,* for appellee.