49220. GLOVER v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.

CLARK, Judge.

Having been presented previously in our Supreme

Court for consideration of a collateral issue (*Glover v. Southern Bell Tel. &c. Co.,* 229 Ga. 874 (195 SE2d 11)), this case now makes its second appellate appearance.

Plaintiff was injured when a vehicle, driven by plaintiff, was struck from the rear by a utility truck of the Southern Bell Telephone and Telegraph Company. At the trial of his suit in which he sought damages in the amount of $65,500, a verdict of $1,000 was returned for plaintiff. Being dissatisfied with the result plaintiff filed a motion for new trial on general grounds to which special grounds were added by amendment. This appeal from the overruling of that new trial motion as amended enumerates as error the various points presented to the trial court by that motion.

1. Is a chiropractor's bill admissible as coming within those items of evidence provided for in Code Ann. § 38-706.1 (Ga. L. 1970, p. 225)? For the first time this question has been presented upon appeal. The 1970 statute was enacted as a pragmatic process to eliminate the necessity of having an expert witness testify that medical expenses incurred for treatment of injuries resulting from the subject of litigation were reasonable and necessary. See *Taylor v. Associated Cab Co.,* 110 Ga. App. 616 (1) (139 SE2d 519). The statute makes laymen competent "to identify doctor bills, hospital bills, ambulance service bills, drug bills and similar bills for expenses incurred in the treatment of the patient . . ." Appellant contended his chiropractic bill should have been admissible thereunder. The trial court sustained the defense objection that a chiropractor's bill is not one "received from a licensed practicing physician, hospital, ambulance service, pharmacy, drug store, or supplier of therapeutic or orthopedic devices." A chiropractor is not a "licensed practicing physician." The latter is one who meets the statutory requisites of Code Ch. 84-9 and differs from the former who is licensed under Code Ch. 84-5 for chiropractic practice. Nor does a chiropractor fit any of the other statutory exceptions. Accordingly, the court did not err in refusing to admit this bill into evidence. Cf., *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470 (193 SE2d 860).

2. Plaintiff contends the trial court erred in excluding plaintiff's testimony as to various additional medical bills. Plaintiff attempted to testify from a memorandum which he had prepared summarizing such expenditures. After the court's ruling on the memorandum the individual bills were introduced into evidence. Thereby, any error in exclusion of plaintiff's "memorandum" testimony was made harmless. *Murray v. Hawkins,* 144 Ga. 613, 614 (7) (87 SE 1068); *Jones v. Blackburn,* 75 Ga. App. 791, 794 (4) (44 SE2d 555). As was stated in Headnote 6 of *Mitchell v. Gay,* 111 Ga. App. 867 (143 SE2d 568): "There was no reversible error in excluding evidence offered to prove a fact which was admitted or fully established by other evidence." In accord are *Eberhardt v. Bennett,* 163 Ga. 796 (2) (137 SE 64) and *Hunt v. Williams,* 104 Ga. App. 442 (2) (122 SE2d 149).

3. This same principle of harmless error contained in the cases cited in the foregoing division applies to the next evidentiary error complained of by appellant. When plaintiff concluded his case he sought again to submit medical bills including that of the chiropractor "for the purpose of showing pain and suffering and not for the purpose of collecting." (T. 293). Plaintiff had already testified as to the nature and extent of his chiropractic treatment. (T. 59-61). Likewise, the medical bills summarized in his memorandum were admitted upon proof of relationship with the claim. Accordingly, we find no basis for a reversal as to these contentions.

4. Plaintiff asserts the trial court erred in excluding from the evidence portions of Dr. Lawrence Lee Freeman's depositional testimony. A reading of the trial transcript beginning at page 117 indicates that the deposition was not introduced as such but was read before the jury. At those portions which appellant contends were erroneously excluded the transcript shows that objections were made by defense counsel. Instead of reading those portions into the trial record and obtaining a ruling by the judge thereon, the portions were omitted. Thus we are unable to pass upon the assertion. Our "decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs

of counsel." *Jenkins v. Board of Zoning &c.,* 122 Ga. App. 412, 413 (2) (177 SE2d 204).

5. Plaintiff contends the trial court erred in permitting a defense witness to testify when his name had not been listed in defendant's response to plaintiff's interrogatories. Plaintiff's interrogatory No. 10 was in the usual catch-all phraseology asking for the "names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons, including all passengers in the defendant's car, having knowledge of relevant information, facts, or circumstances in this case, known to the defendant." A similar linguistic dragnet interrogatory was considered in *Nathan v. Duncan,* 113 Ga. App. 630, 638 (7) (149 SE2d 383). There our court at page 640 notes that "Since the particular interrogatory appears to have been directed to the matter of witnesses to the occurrence, and these witnesses were not as to that, it is doubted that the plaintiff was under any duty to list them, even if it had been known at the time that they would be called as witnesses. . . Interrogatories should be sufficiently specific to require specific answer, and in making answer the party to whom they are directed is required to go no further than is required in making full answer to the questions asked . . . But pretermitting the matter of whether the interrogatory was sufficient to include them as witnesses whose names should have been listed in making answer . . . *the proper procedure when they were called to testify was not to object to their testifying or to the admission of their testimony, but to move for a postponement of the trial for a sufficient length of time to enable the defendant to interview them, check the facts to which they would testify, and, if indicated, arrange to secure rebuttal evidence or to impeach them."* (Emphasis supplied.)

As no motion for postponement was made, our ruling must be in conformance with that stated in the seventh headnote of *Nathan v. Duncan,* supra: "[A]llowance of the witnesses to testify over objection that the names were not supplied is a matter in the sound discretion of the trial judge and is not ground for new trial."

6. Plaintiff avers error in the trial court's denial of

his motion for a directed verdict upon the issue of negligence. Although defendant did not present any witnesses to testify concerning the details of the rear-end collision, plaintiff's evidence created questions as to diligence and proximate cause. Accordingly, the trial court was correct in denying the motion. *Buckhead Glass Co. v. Taylor,* 226 Ga. 247 (174 SE2d 568). See also *Harper v. Plunkett,* 122 Ga. App. 63 (176 SE2d 187); *Robertson v. Jackson,* 123 Ga. App. 623 (181 SE2d 905); and *Brown v. Nutter,* 125 Ga. App. 449, 450 (3) (188 SE2d 133).

In dealing with this enumeration of error we observe that the appellant's brief states that "Movant is not unmindful of the long list of cases cited in 20 Ga. Digest, Trial Key No. 171, to the effect that it is never error to refuse to direct a verdict." For the benefit of bench and bar we deem it proper to note that these cases are no longer binding as a result of changes made by the Appellate Practice Act of 1965 and the Civil Practice Act of 1966. Code Ann. §§ 6-702 (b) and 81A-150 (e) now empower the appellate courts to pass upon the correctness of a denial of a motion for directed verdict. This also applies to criminal cases. *Merino v. State,* 230 Ga. 604 (198 SE2d 311).

7. Assuming, but not deciding, that the trial judge erred in charging the jury on the degree of care which the plaintiff was bound to exercise, such error was harmless since the verdict was for plaintiff. "[I]t has long been the rule that when a verdict has been returned in favor of the plaintiff, errors in the giving of the charge, in omissions from the charge or in the refusal of requests which go to the matter of liability only are harmless to the plaintiff and afford no ground for reversal at his instance. [Cits.]" *Maloy v. Dixon,* 127 Ga. App. 151, 155 (193 SE2d 19); *Sharp v. Thomas,* 125 Ga. App. 137, 138 (2) (186 SE2d 589).

8. As to the general grounds, it is sufficient to quote the following from *Beecher v. Farley,* 104 Ga. App. 785 (1) (123 SE2d 184): "[T]he general grounds present no basis for granting a new trial because the only actual complaint he has is the fact that the verdict was, he claims, too small, and the question of the inadequacy of the verdict is not raised by the general grounds of a

motion for a new trial. *Trammell v. Atlanta Coach Co.*, 51 Ga. App. 705 (181 SE 315)."

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED APRIL 1, 1974 — DECIDED MAY 15, 1974 — REHEARING DENIED JUNE 12, 1974 —

*White, Webb & Jewett, C. Lawrence Jewett,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Mathew H. Patton, Robert W. Coleman,* for appellees.