## 56047. FOREHAND v. PACE.

DEEN, Presiding Judge.

Paul R. Forehand appeals from a jury verdict for defendant in a suit for damages resulting from a rear-end automobile collision.

The evidence shows that plaintiff was driving to work in the southbound lane of Brennan Road in Columbus, Georgia. In order to reach his destination, he was required to make a left-hand turn off Brennan Road. Approximately 150 yards before he was scheduled to turn, he noticed a vehicle following him and put on his left-hand turn signal after traveling another 50 yards. When he slowed down and stopped to allow oncoming traffic to clear, he was struck in the rear by defendant's vehicle. The investigating police officer testified that the weather was overcast as it had been raining most of the day and at

the scene of the accident it was still "sprinkling just a little, not very much," but there were no puddles of water standing on the roadway. No skid marks were visible because the road was wet. The officer determined that plaintiff and defendant were driving the vehicles involved in the accident and that plaintiff's automobile had been struck in the rear by the front of Pace's vehicle. He interviewed both drivers at the scene and defendant stated that "he was going approximately twenty miles an hour at the time of the impact" and that "his brakes failed." In his answer to plaintiff's complaint, defendant denied the allegations of negligence and asserted the defense of unavoidable accident. At trial, however, he did not testify or present any evidence.

1. Plaintiff asserts on the general grounds contending that the verdict was contrary to the evidence and without evidence to support it. Defendant claims that the evidence was sufficient to support his defense of unavoidable accident and that from the police officer's testimony the jury could have fairly drawn the inference that either the brake linings on his vehicle had become wet thereby impairing their ability to stop his vehicle or that wet road conditions caused the brakes to fail to stop his automobile after they were applied. In an action for negligence, "[t]he burden of proof rests upon the plaintiff to establish the negligence of the defendant and its causal relation to the claimed injury and damage. Code § 38-103; [Cits.]" *Maloy v. Dixon,* 127 Ga. App. 151, 154 fn. 1 (193 SE2d 19) (1972). "The law raises no presumption whatever as to who was to blame. The burden is on the plaintiff to show that defendant was negligent," *Chenall v. Palmer Brick Co.,* 117 Ga. 106, 108 (43 SE 443) (1903). "A leading vehicle has no absolute legal position superior to that of the one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must . . . not . . . stop, slow up, nor swerve from his course without adequate warning to the following vehicles of his intention so to do. The driver of the following vehicle, in his turn, must exercise ordinary care to avoid collision with vehicles, both in front and those behind him . . . The mere fact that one vehicle is struck in its rear, while another is not struck

is not sufficient to fix liability on the driver of either vehicle." *Hay v. Carter,* 94 Ga. App. 382, 384 (94 SE2d 755) (1956). As the court in *McCann v. Lindsey,* 109 Ga. App. 104 (135 SE2d 519) (1964), pointed out, the holding in *Hay v. Carter,* supra, is controlling in cases in which plaintiff fails to prove defendant's negligence because there is ". . . no evidence of how the collision occurred, but only evidence that the defendant's vehicle was damaged in the front and the plaintiff's in the rear."

In the present case, the evidence was undisputed that it was only sprinkling rain, that no water had collected upon the roadway, that plaintiff's vehicle was damaged when he stopped to make a left-hand turn after signaling his intention, that he was struck in the rear by defendant's automobile, and that defendant claimed his brakes failed. Plaintiff therefore has met his burden of proof as "[n]egligence may be shown by circumstances as well as by direct testimony. If, considering all the surroundings and accompanying circumstances, an event is such 'as in the ordinary course of things would not have occurred if the defendant had used ordinary care, negligence may be presumed, and place upon the defendant the burden of explaining the cause of the occurrence.' [Cits.]" *McCann v. Lindsey,* supra. While this court has previously recognized that an accident in the legal sense may result from sudden brake failure or from road conditions (*Cartey v. Smith,* 105 Ga. App. 809 (125 SE2d 723) (1962)), the defendant did not present any evidence of these conditions. The evidence that it was sprinkling rain at the scene of the accident and that defendant claimed that his brakes failed cannot possibly lead to the conclusion that defendant's brakes failed because they were wet. Brakes fail for many reasons and the defendant had the burden of presenting evidence to show the reason for the alleged brake failure was not negligent maintenance on his part. As there was no evidence to support the jury verdict, it was an unlawful verdict and must be reversed. *Bailey v. Lurlee, Inc.,* 131 Ga. App. 546 (206 SE2d 529) (1974); *J. R. Watkins Co. v. Strickland,* 93 Ga. App. 859 (93 SE2d 171) (1956).

2. The trial court also erred in charging appellee's instruction on accident. There was no evidence of accident

that would support such a charge. *Davenport v. Little,* 132 Ga. App. 391 (208 SE2d 179) (1974).

3. Plaintiff contends that the trial court erred in instructing the jury that Code Ann. §§ 68A-310 and 68A-801 do not define precisely what constitutes following too closely or driving at a prudent speed and merely furnish a general rule of conduct. He claims that when this instruction was given with the charge that the leading vehicle has no absolute legal position superior to that of the one following the negligence per se effect of the statutes was weakened and left to the jury to determine whether such conduct constitutes negligence. In interpreting a similarly worded statute, this court held that the statute was too uncertain and indefinite in its terms to be capable of enforcement, but that the measure of care laid down in the Act was not too indefinite to furnish a civil rule of conduct which was similar to ordinary care. *Strickland v. Whatley,* 142 Ga. 802 (83 SE 856) (1914). In *Cobb v. Coleman,* 94 Ga. App. 86 (93 SE2d 801) (1956), the jury was charged that violation of former Code §§ 68-301 and 68-303 would constitute negligence per se. This court held that "[w]hile a violation of these sections would not be negligence per se as they are too indefinite for enforcement, they furnish a rule of civil conduct under the circumstances of each individual case. And, though to charge that their violation would constitute negligence per se is inappropriate, the jury would necessarily have had to find that the defendant was guilty of common-law negligence in order to find that the violation of those sections was negligence per se . . ." *Cobb v. Coleman,* supra, p. 89. This enumeration is without merit.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED JUNE 6, 1978 — DECIDED JUNE 29, 1978 — REHEARING DENIED JULY 13, 1978 —

*L. B. Kent,* for appellant.
*Kelly, Denney, Pease & Allison, John W. Denney, Philip J. Johnson,* for appellee.