59235. WALLACE et al. v. YARBROUGH et al.
59236. YARBROUGH et al. v. TEEMS et al.

DEEN, Chief Judge.

The plaintiff, Elsie Wallace, was a guest passenger in a car driven by the third-party defendant, Una Teems. According to the testimony of the plaintiff and Mrs. Teems they were proceeding in the curb lane of a highway at about 30 miles per hour when an unidentified yellow Cadillac pulled out of a shopping center exit in front of them with the intention of crossing over to the far traffic lane. Traffic on her left prevented either her or the Cadillac from swinging toward the center of the road. Mrs. Teems applied her brakes and was successful in bringing her car to a stop without hitting the Cadillac. After having stopped she was hit in the rear by defendant Yarbrough. Mrs. Wallace, sitting in the right front seat, sued Yarbrough, alleging various personal injuries. Yarbrough filed a third party complaint against Teems. The trial court directed a verdict in favor of Teems, and the jury returned a verdict in favor of the defendant Yarbrough. The main appeal alleges error in denying plaintiff's motion for judgment notwithstanding the verdict on the issue of liability, or in the alternative her motion for new trial. Yarbrough's cross appeal complains of the grant of the directed verdict to Teems.

1. Because of its effect on the main case we first consider the issue involved in the cross appeal, as to whether a verdict should have been directed on the third party complaint. The plaintiff and Mrs. Teems established prima facie that the car emerged suddenly in front of them, that there was no way of making an avoidance maneuver, that plaintiff's car was not speeding, and that the driver brought it to a gradual and orderly stop. The defendant testified that he had been following the plaintiff's car for some distance, that he was going at about 25 miles per hour and driving about two car lengths behind the

lead vehicle when she came to a sudden stop, that he did not see the Cadillac emerge and he didn't have time to stop and he hit her. He then testified that he got out of his car, apologized to Mrs. Teems and offered to fix her car. To the question, "You thought at that time that you were responsible for the accident?" he replied, "I knew that to start with." He testified further that after the collision he did see the yellow Cadillac and that it was stopped "just right in front of" Mrs. Teem's car. It later crossed the road, turned left, and departed the scene.

The court properly directed the verdict. There is no evidence that the third party defendant was negligent or that any evasive action on her part could have avoided the collision from the rear. However, after both sides had rested and the motion for directed verdict had been granted the defendant requested to be allowed to produce evidence "in rebuttal." The motion was granted; the defendant then took the stand and testified that *both* the plaintiff and her driver told him "it was not all my fault that I hit him, it was partly their fault for having stopped for the car up in front of them." The defendant then moved to reinstate the third party action and also enumerates the denial of this motion as error.

We are well satisfied that the evidence did demand a verdict in favor of the third-party defendant, and that the additional evidence did not so change its character as to constitute error in not reinstating the case against Mrs. Teems. To allow the reopening of the case after the motion for directed verdict had been granted but before it had been reduced to writing was entirely within the discretion of the court. *Pitts v. Fla. Central & Penn. R. Co.,* 115 Ga. 1013 (42 SE 383) (1902). Moreover, the evidence in this case prior to the testimony regarding a statement of Mrs. Teems and the plaintiff demanded a finding that Teems was not negligent. Her statement to the defendant and that of the passenger plaintiff as repeated by him must be taken to mean that he should not take all the blame because their stopping the car in front of him was a part of the cause of the accident. This is true in that if Mrs. Teems' car had continued on down the road the defendant would not have hit it. In no reasonable way can the statement be taken to mean that either Mrs. Teems or the plaintiff was to blame for the collision. The plaintiff had no control over the vehicle and no duty to warn its driver or to keep a lookout. The trial court properly granted the motion for directed verdict and thereafter refused to reopen the case as to the third party defendant. See *Nail v. Green,* 147 Ga. App. 660 (249 SE2d 666) (1978).

2. A driver has no right to assume that the road ahead of him is clear of traffic, and it is his duty to maintain a diligent outlook ahead.

*Leggett v. Brewton,* 104 Ga. App. 580 (3) (122 SE2d 469) (1961). Following too closely, without due regard for the speed of vehicles ahead and the traffic on and condition of the highway, is a violation of the Georgia motor vehicle laws. Code § 68A-310; *Forehand v. Pace,* 146 Ga. App. 682 (247 SE2d 192) (1978). "If, considering all the surrounding and accompanying circumstances, an event is such 'as in the ordinary course of things would not have occurred if the defendant had used ordinary care, negligence may be presumed, and place upon the defendant the burden of explaining the cause of the occurrence.' " *McCann v. Lindsey,* 109 Ga. App. 104 (135 SE2d 519) (1964). These circumstances, the defendant's offer to fix the car and his admission *in judicio* that he knew he was responsible for the accident all combine with the absence of negligence on the part of Mrs. Teems to demand a finding of liability against Yarbrough, who further admitted that the view was unimpeded, the day was clear, he was moving at around 25 miles per hour, was about two car lengths behind the Teems car, and did not see the yellow Cadillac blocking the way until after the impact. It was error to deny the motion for judgment notwithstanding the verdict as to liability and the general grounds of the motion for new trial.

3. As to the motion for new trial, there was a further error which may have been responsible for the verdict in favor of Yarbrough. The court charged that if the jury should find that the plaintiff failed to exercise ordinary care for her own safety and that failure was a part of the proximate cause of her injuries, they would be obligated to return a verdict in favor of the defendant. The plaintiff was a guest passenger, there was no duty resting upon her to do any act regarding the operation of the third party defendant's car or otherwise take any affirmative action, and nothing in the record suggests how there might have been any negligence on her part. That being so, any charge relating to negligence on the part of the plaintiff was unwarranted. *Kamman v. Seabolt,* 149 Ga. App. 167 (1) (253 SE2d 842) (1979). *Dowling v. Camden County,* 113 Ga. App. 34 (146 SE2d 925) (1966); *Steedley v. Snowden,* 138 Ga. App. 155 (225 SE2d 703) (1976).

*Judgment reversed in Case No. 59235. Judgment affirmed in Case No. 59236. Quillian, P. J., Smith, Shulman and Banke, JJ., concur. McMurray, P. J., Birdsong, Carley and Sognier, JJ., dissent.*

SUBMITTED JANUARY 14, 1980 —
DECIDED JULY 7, 1980.

*Robert J. Harriss,* for appellants (case no. 59235).

*Lindsay H. Bennett, Jr.,* for appellees.
*Lindsay H. Bennett, Jr., Hubert E. Hamilton, III,* for appellants (case no. 59236).
*Robert J. Harriss, Paul Campbell, III,* for appellees.

SOGNIER, Judge, dissenting in part.

I respectfully dissent from Division 2 of the majority opinion in this case. This court has consistently held that an automobile accident involving a rear-end collision is not automatically the fault of the driver of the following car. *Hay v. Carter,* 94 Ga. App. 382 (94 SE2d 755) (1956); *Glaze v. Bailey,* 130 Ga. App. 189 (2), 190 (202 SE2d 708) (1973). Further, in *Brown v. Nutter,* 125 Ga. App. 449, 450 (4) (188 SE2d 133) (1972) we held that where there was evidence that a car in which plaintiff was riding came to a sudden stop and testimony that one who attempts to stop within two car lengths at a speed of 15 miles per hour will skid was evidence from which a jury could conclude that the defendant was not negligent. Hence, I disagree with the majority opinion that such circumstances *demand* a finding of liability.

The cases relied on by the majority did not involve emergencies or "sudden stopping"; further, the case of *McCann v. Lindsey,* 109 Ga. App. 104 (135 SE2d 519) (1964) involved speeding, a wet highway and alleged brake failure — totally different circumstances than the instant case. The case of *Forehand v. Pace,* 146 Ga. App. 682 (247 SE2d 192) (1978), relied on by the majority, sets forth three rules which the majority ignores. First, and most important, *Forehand* holds at p. 683 that " '[a] leading vehicle has no absolute legal position superior to that of the one following. *Each* driver must exercise ordinary care in the situation in which he finds himself . . . ' " (Emphasis supplied.); second, *Forehand* holds that in an action for negligence, " '[t]he burden of proof rests upon the plaintiff to establish the negligence of the defendant and its causal relation to the claimed injury and damage. Code § 38-103; (Cits.)' "; and third, *Forehand* holds that " '[t]he law raises no presumption whatever as to who was to blame. The burden is on the plaintiff to show that defendant was negligent,' [Cit.]." Applying these rules to the instant case, there was sufficient evidence, particularly on the questions of emergency and accident (both principles being in issue and charged) to authorize and justify the findings of the jury that the defendant was not negligent. Therefore, it is my opinion that the trial judge's denial of plaintiff's motion for judgment n.o.v. was correct, and should not be reversed. "After a jury verdict has been returned the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict.

[Cit.]" *Brown v. Nutter,* supra, at 450 (1).

I concur with Divisions 1 and 3 of the majority opinion.

I am authorized to state that Presiding Judge McMurray, Judge Birdsong and Judge Carley join in this dissent.

BIRDSONG, Judge, dissenting.

I agree with the dissent of Judge Sognier.

This writer dissented in the case of *Inglett v. Ratliff,* 150 Ga. App. 688 (258 SE2d 320) and the majority of this court held that under the facts of that case, there was a jury question presented; accordingly, if a jury question was presented in *Inglett,* then a fortiori, one is presented in the case sub judice.

I respectfully dissent.