68099. MICHELIN TIRE CORPORATION v. CRAWFORD et al.

BANKE, Judge.

The appellees brought this product liability action to recover for injuries allegedly sustained as the result of an alleged defect in a truck tire manufactured by the appellant. After five years of litigation and four days of trial, they were awarded a verdict and judgment against the appellant in the amount of $6,500. This appeal is from the denial of the appellant's motion for new trial or, in the alternative, for judgment notwithstanding the verdict. *Held*:

1. The trial court did not err in refusing to charge the jury that the appellant was "not responsible for any damage caused by abnormal or unreasonable use, misuse or abuse of a tire it has manufactured." The full and correct principle of law at issue is as follows: " 'A product is not in a defective condition when it is safe for normal handling and consumption. If the injury results from abnormal handling . . . the seller is not liable. Where, however, he has reason to anticipate that danger may result from a particular use . . . he may be re-

quired to give adequate warning of the danger . . . and a product sold without such warning is in a defective condition.' Restatement of the Law, Torts 2d, p. 351, § 402A, comment h." *Center Chemical Co. v. Parzini*, 234 Ga. 868, 869-870 (218 SE2d 580) (1975). See also *Hunt v. Harley-Davidson Motor Co.*, 147 Ga. App. 44, 45 (2) (248 SE2d 15) (1978); *Greenway v. Peabody Intl. Corp.*, 163 Ga. App. 698 (294 SE2d 541) (1982). It is well established that where a requested charge is incomplete, it is not error to refuse it. See, e.g., *Inta-Roto, Inc. v. Guest*, 160 Ga. App. 75 (2) (286 SE2d 61) (1981).

2. The trial court did not err in failing to give the appellant's requested charge that "a seller is under no duty to sell accident proof or foolproof products." Although this language may express a correct principle of law in the abstract (see, e.g., *Hunt v. Harley-Davidson Motor Co.*, supra; *Stodghill v. Fiat-Allis Constr. Machinery*, 163 Ga. App. 811 (295 SE2d 183) (1982)), the phraseology is somewhat argumentative, and the point was adequately covered by the court's charge to the jury that "one who manufactures a product is not an insurer of the product or the safety of the product." The court also instructed the jury that the appellee's right to recover was dependent upon proof that the tire was defective and that the defect was the proximate cause of his injuries. "It is not error to refuse requests to charge, or to fail to give a charge in the exact language of the request, where the request is argumentative or when the request adequately is covered in the general charge. (Cits.)" *Ford v. Pinckney*, 138 Ga. App. 714, 716 (3) (a) (227 SE2d 430) (1976).

3. The testimony of the appellees' expert provided sufficient basis for a finding that the tire failed due to a manufacturing defect, and consequently the trial court did not err in denying the appellant's motion for directed verdict or for judgment notwithstanding the verdict.

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED MARCH 16, 1984.

*Daryll Love, John A. Gilleland,* for appellant.
*Bobby L. Cobb,* for appellees.