73066. WASHINGTON et al. v. WASHINGTON.
(354 SE2d 25)

BENHAM, Judge.

Appellants are the parents of Frank L. Washington, Jr., a minor, who was injured in an automobile collision while a passenger in a car driven by his cousin, appellee Kelvin Washington. The west-bound Washington vehicle and a north-bound church van, driven by defendant Ralph Rowland, collided in an intersection where traffic flow was governed by a traffic signal. This appeal followed the grant of summary judgment to appellee Kelvin Washington.

In support of his motion for summary judgment, Kelvin introduced Frank, Jr.'s deposition in which the thirteen-year-old passenger stated that the traffic signal was green when the car driven by Kelvin entered the intersection. In opposition to the motion, appellants relied upon the affidavit of Rowland, the church van driver, and the deposition of Ameda Smith, a passenger in the church van. Rowland swore that he stopped his vehicle at the intersection because the light was red and, when the light turned green, proceeded into the intersection where his vehicle was struck by the car driven by Kelvin. Mrs. Smith's deposition testimony corroborated Rowland's affidavit.

In its order granting summary judgment to Kelvin, the trial court found that there was no evidence in the record that Kelvin was negligent; that appellants had failed to introduce any evidence to support their claim that Kelvin was negligent; and that Kelvin could not be held liable for Frank, Jr.'s injuries since Frank, Jr., had testified on deposition that the light was green when Kelvin proceeded into the intersection. Citing *Smith v. Thompson*, 173 Ga. App. 273 (326 SE2d 244) (1985), the trial court concluded Kelvin was entitled to judgment as a matter of law. We disagree.

In *Smith v. Thompson*, supra, the victim/plaintiff testified that his driver/defendant was not grossly negligent (the standard of liability in effect at the time of that collision), and the record contained no evidence of the driver's gross negligence. Therefore, summary judgment in favor of the driver was appropriate. In the case at bar, however, while Frank, Jr.'s deposition did not contain evidence that Kelvin was negligent, there is evidence in the record from which it can be inferred that Kelvin Washington was negligent. The driver and a passenger in the other vehicle both swore that their vehicle proceeded into the intersection on a green signal, from which it can be inferred that Kelvin was negligent by entering the intersection when he faced a steady red signal. See OCGA §§ 40-6-20 (e); 40-6-21 (3) (A). Inasmuch as the party opposing a motion for summary judgment is to be given the benefit of all reasonable doubts and all favorable inferences that can be drawn from the evidence (*Fiumefreddo v. Scudder*, 252 Ga. 279, 282 (313 SE2d 683) (1984)), and since the rec-

ord contains evidence from which it can be inferred that Kelvin was negligent, summary judgment in Kelvin's favor was inappropriate. Had the record contained no evidence of Kelvin's negligence, Frank, Jr.'s testimony to the effect that Kelvin was not negligent would have authorized summary judgment in favor of Kelvin. See *Smith v. Thompson*, supra. However, the testimony of the victim/plaintiff in this case is not controlling as to the issue of negligence since the record contains other evidence that the defendant was negligent.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

Decided February 20, 1987.

*William L. Skinner*, for appellants.

*Carolyn J. Kennedy, W. Wray Eckl, Richard B. Eason, Jr.*, for appellee.