## 74970. WEBSTER v. VULCAN MATERIALS COMPANY et al.
(362 SE2d 420)

BENHAM, Judge.

Appellant brought suit against appellees for damages done to his truck in a collision between it and a railroad car owned and operated by Vulcan. At the time of the collision, appellant's truck was parked on the premises of an asphalt plant leased from Vulcan by appellee Blount Construction Company. The truck, along with other trucks, was parked in close proximity to a railroad track which had previously been separated from the parking area by a ditch and by an embankment four or five feet in height, made of asphalt, gravel, and dirt. It appeared to appellant that the embankment had been removed to increase the parking area since there had previously been barely enough room to turn the trucks. Appellant swore that he thought the track was inactive because, although he had been to that location many times, he had never seen a train on that track before; because the rails appeared to be in disuse and non-operational and were in a neglected condition; because gravel from leveling the embankment and filling the ditch had been left strewn on the tracks; because he had observed at every other quarry to which he had been that a man was posted at active tracks, and no one was posted there; and because he and the other drivers were allowed to park there on that day. Although appellant's testimony was essentially uncontradicted, the trial court granted summary judgment to appellees on the ground that appellant had assumed the risk of an obvious danger. This appeal is from that judgment.

"[T]he party opposing a motion for summary judgment is to be given the benefit of all reasonable doubts and all favorable inferences that can be drawn from the evidence [cit.] . . ." *Washington v. Washington*, 181 Ga. App. 848 (354 SE2d 25) (1987). Applying the foregoing rule to the evidence in this case, we find the grant of summary judgment erroneous. While evidence may be developed at a trial in this case authorizing a jury to find that appellant should have realized that the tracks were active and that it was dangerous to park his truck where he did, the state of the record does not presently demand that conclusion. A different result is not mandated by *Kelley v. Hines*, 25 Ga. App. 186, 187 (102 SE 921) (1920), cited by appellees for the proposition that "[a] railroad track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of trains upon that track. [Cit.]" That case is distinguishable from this one in that there is no indication in that case that the plaintiff, a railroad employee who went to sleep beside the tracks and was hit by a train, had any reason to believe that the tracks were not active. Here, there is evidence that appellant was unaware that the tracks were active

and that he had reason to believe they were inactive. "As there is no evidence that the plaintiff had some actual knowledge of the danger or understood and appreciated the risk therefrom, we cannot say that as a matter of law in the exercise of ordinary care he should have avoided the [collision]. [Cits.]" *Butler v. T. C. Brittain Co.*, 181 Ga. App. 774, 775 (353 SE2d 589) (1987).

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED OCTOBER 19, 1987 —
REHEARING DENIED NOVEMBER 4, 1987 —

*Victoria J. Hoffman*, for appellant.

*E. Alan Miller, Albert J. DeCusati, Thomas S. Carlock, M. David Merritt*, for appellees.