## A91A0218. BROOKS v. FRICKE.
(405 SE2d 536)

CARLEY, Judge.

Appellant-plaintiff was injured when the motorcycle that he was riding was struck by an automobile that was being operated by appellee-defendant. As the result of this collision, suit was filed and the case was brought to trial before a jury. At the close of appellant's evidence, appellee moved for a directed verdict as to his liability. The trial court granted a directed verdict in favor of appellee and appellant appeals.

The collision occurred at an intersection which was controlled by a traffic signal. According to appellant, he had a green light at the time he entered the intersection. Thus, appellant met his initial burden of showing, at least circumstantially, that the proximate cause of the collision was appellee's negligence in running a red light and the burden of showing the contrary was shifted to appellee. *Washington v. Washington*, 181 Ga. App. 848 (354 SE2d 25) (1987); *Stephens v. McClain*, 129 Ga. App. 634 (200 SE2d 511) (1973). " 'It is accepted generally as settled law that negligence, like any other fact, may be proved by circumstantial evidence as well as by direct testimony.' " *Cagle v. Atchley*, 127 Ga. App. 668, 675 (5) (194 SE2d 598) (1972). Since the motion for directed verdict was granted before appellee had testified as to his own version of how the collision had occurred, there was no evidence which would have authorized, much less demanded, a verdict in appellee's favor and it follows that the trial court erred in granting appellee's motion for a directed verdict.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 9, 1991.

Jett & Liss, Joel I. Liss, for appellant.
Harper, Waldon & Craig, J. Blair Craig, Christopher M. Farmer, for appellee.