A01A0499. WESTERN HERITAGE INSURANCE COMPANY
v. NEWCASTLE AUTO SALES, INC.
(547 SE2d 792)

ELLINGTON, Judge.

Newcastle Auto Sales, Inc. sued Western Heritage Insurance Company for breach of contract after Western Heritage refused to pay benefits under an insurance policy. Western Heritage moved for summary judgment, arguing that the policy excluded Newcastle's loss. The trial court denied Western Heritage's motion, but issued a certificate of immediate review. This Court granted Western Heritage's application for interlocutory appeal. Because we find that the trial court misconstrued the insurance contract and misapplied the contract to the facts in this case, we reverse and remand.

On February 18, 1999, a man entered Newcastle Auto Sales and asked if he could test drive a 1994 Ford Explorer. A Newcastle employee photocopied the man's driver's license and gave him the keys to the vehicle. There is no evidence that the employee attempted to check the validity of the driver's license. It is undisputed that the driver drove the vehicle off the lot unaccompanied by a Newcastle employee. When the driver did not return the vehicle after an hour, the employee called the police and reported it stolen.

Western Heritage provided insurance coverage for Newcastle at the time of the theft. Newcastle notified Western Heritage of the theft. When Western Heritage refused to pay for the loss, Newcastle

sued for breach of contract. Western Heritage answered and asserted that the loss was not covered under the insurance policy. Although the policy covered loss due to theft, an exclusion provided that Western Heritage would not pay "for 'loss' to a covered 'auto' caused by or resulting from . . . [s]omeone causing you to voluntarily part with it by trick or scheme or under false pretenses." Endorsements to the policy also excluded " 'loss' due to theft if at the time of 'loss' the keys for the stolen 'auto' were in that 'auto,' or upon that 'auto.' "

Western Heritage moved for summary judgment, arguing that it was not required to cover the loss under the contract. Newcastle responded, claiming that a jury issue existed as to whether the phrase "voluntarily part with it means to part with title and possession or custody." Newcastle asserted that its employee never voluntarily parted with "actual possession" of the auto, but only temporary custody during the test drive.

The trial court embraced Newcastle's argument and denied summary judgment. In its order, the trial court construed the insurance contract narrowly to define "voluntarily part[ing] with it" as referring to the title to or "actual possession" of the auto. See *Furgerson v. Cambridge Mut. Fire Ins. Co.*, 237 Ga. App. 637, 639 (1) (516 SE2d 350) (1999) (exclusions must be construed strictly in favor of the insured). The trial court found that the exclusion did not apply because Newcastle "merely parted with custody of the vehicle for a temporary time."[1]

On appeal, this Court is asked to decide a case of first impression regarding the proper construction of this "false pretenses" exclusion clause.[2] It is unnecessary, however, to decide whether the trial court erred in construing the exclusion to apply *only* when Newcastle "voluntarily part[ed]" with the title to or "actual possession" of the vehicle.

This Court previously has defined "actual possession" as when a person "knowingly has direct physical control over a thing at a given time." (Citation and punctuation omitted.) *Preston v. State*, 183 Ga. App. 20, 21 (1) (357 SE2d 825) (1987). The undisputed facts in this case clearly show that Newcastle's employee voluntarily relinquished the keys to someone posing as a customer and then voluntarily

---

[1] The trial court also found that the keys were not "in" or "upon" the auto at the time of the theft and, therefore, the other policy exclusion also did not apply.

[2] But see *Hanover Fire Ins. Co. &c. v. Scroggs*, 92 Ga. App. 548, 550 (2) (88 SE2d 703) (1955) (wherein the Court found unambiguous a clause which specifically excluded a loss due to " 'voluntarily parting with title and possession' " of the vehicle if induced by false pretenses); *Liggans R.V. Center v. John Deere Ins. Co.*, 575 S2d 567, 569-570 (IV) (Ala. 1991) (wherein the Alabama Supreme Court held that an identical clause was not ambiguous when the words are " 'assigned their "usual and ordinary" meanings' " and " 'clearly exclude[d] from its coverage a loss' " resulting from very similar circumstances).

allowed the person to drive the vehicle off the lot unaccompanied by a Newcastle employee. Therefore, even under a limited construction of the exclusion clause, the evidence demonstrated that Newcastle *in fact voluntarily parted with actual possession* of the vehicle.

Therefore, because a loss occurring under these circumstances fell squarely within the trial court's construction of the exclusion clause, Western Heritage was relieved from insuring the loss. Since this finding is dispositive of the case and no jury issue remains, the trial court erred in denying Western Heritage's motion for summary judgment. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We remand this case with direction for the trial court to grant Western Heritage's motion for summary judgment.

*Judgment reversed and case remanded. Johnson, P. J., and Ruffin, J., concur.*

DECIDED APRIL 17, 2001.

*Whelchel, Brown, Readdick & Bumgartner, Gregory T. Carter, Heather B. McNatt*, for appellant.

*J. Alan Welch*, for appellee.