A08A1596, A08A1657. HOLCOMB v. NORFOLK SOUTHERN RAILWAY COMPANY (two cases).
(673 SE2d 268)

MILLER, Chief Judge.

Emily Holcomb suffered multiple broken bones when she was hit by a Norfolk Southern Railway Company ("Norfolk Southern") train at a pedestrian crossing on the company's track located in Villa Rica. Holcomb filed a complaint for personal injury. Norfolk Southern thereafter filed a motion for summary judgment, which the trial court granted. In Case No. A08A1596, Holcomb, pro se, appeals the trial court's grant of summary judgment for Norfolk Southern, arguing that genuine issues of material fact remain as to whether her recovery is barred by the doctrine of avoidable consequences. In

---

[16] *Shaw v. State*, 247 Ga. App. 867, 872-873 (4) (545 SE2d 399) (2001).
[17] *Russell v. Superior K-9 Svc.*, 242 Ga. App. 896, 897 (1) (531 SE2d 770) (2000).

Case No. A08A1657, Holcomb, again pro se, appeals from the trial court's order denying her motion to exclude the affidavit of expert witness William Gary Utley and the event recorder data attached thereto, filed in support of Norfolk Southern's motion for summary judgment. Discerning no error, we affirm in both cases.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's claim. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial.

(Citation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

> Rules as to the admissibility of evidence are applicable in summary judgment proceedings, since the statute provides that all affidavits, depositions, etc. "shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify [to the matters stated therein." OCGA § 9-11-56 (e)].

(Citation omitted.) *Wheat v. Montgomery*, 130 Ga. App. 202, 204 (5) (202 SE2d 664) (1973).

Viewed in the light most favorable to Holcomb as the nonmovant, the record shows that on November 12, 2003, Holcomb was struck by a Norfolk Southern train as she attempted to walk across railroad tracks at a pedestrian crossing in Villa Rica. The train was en route to Atlanta from Birmingham and consisted of two locomotives and thirty-three loaded cars and weighed 4,460 tons. Norfolk Southern supported its motion for summary judgment by evidence that showed that the train was moving at approximately 28 miles per hour at the time of the accident; that the headlight and ditch lights of the train's lead locomotive were on bright; that Holcomb was walking briskly toward the tracks with her head down while twirling a set of keys; that the train's horn was blowing and its bell was ringing; that after reaching the top of the stairs to the pedestrian

YALE LAW LIBRARY

crossing, Holcomb had an unobstructed view of an approaching train in each direction after reaching the top of the stairs to the pedestrian crossing; that from the top of the stairs she was eight feet clear of any passing train; and that Holcomb nonetheless proceeded into harm's way, failing to look up until immediately before being hit by the train.

In opposition to summary judgment, Holcomb deposed that upon approaching the pedestrian crossing in issue, she observed that a train had stopped on the tracks to the left of the crossing; that as she ascended the steps to the crossing, her line of sight to the tracks was blocked by shrubbery; that she recalled no audible warning of an approaching train; that, after getting to the top of the stairs and getting a clear view of the tracks, she looked to the left and saw a train moving toward her from a distance of 15-20 feet; and that she stepped backward, but "before [she] knew it," the train hit her.

### Case No. A08A1596

1. Holcomb challenges the grant of summary judgment for Norfolk Southern, arguing that genuine issues remain for the jury to resolve as to whether her recovery is barred by the doctrine of avoidable consequences. Georgia law, however, requires entry of summary judgment when, as a matter of law, no jury question exists. OCGA § 9-11-56 (c); *Lau's Corp.*, supra, 261 Ga. at 491; *Western Heritage Ins. Co. v. Newcastle Auto Sales*, 249 Ga. App. 262, 264 (547 SE2d 792) (2001).

Even assuming that the train's horn and bell were inaudible and that shrubbery made it impossible for Holcomb to see the oncoming train as she walked to the top of the steps to the pedestrian crossing, Holcomb deposed that she had an unobstructed view of the tracks immediately after stepping beyond such shrubbery; that she was aware of the danger posed by crossing railroad tracks; that in the two years before the accident, she had always stopped, looked, and listened for oncoming trains at the top of the steps; that she "had no recollection" of hearing the train's horn blowing at the time of the accident; and that she had not listened for and did not hear a ringing bell. Further, by her appellate brief, Holcomb admits that she could have looked up sooner but failed to do so "until the last moment," saw the train moving, and took a step backward before it hit her from the side. Given the foregoing, Holcomb does not dispute Norfolk Southern's evidence in support of summary judgment showing that she could have observed an approaching train in the eight-foot "safe" zone short of the point where the train struck her and avoided the accident. Neither does Holcomb directly dispute that the train

was blowing its horn and sounding its bell at the time she stepped into harm's way.

Under these circumstances, the doctrine of avoidable consequences requires summary judgment for Norfolk Southern. See OCGA § 51-11-7 ("If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained."). "Questions as to diligence and negligence, including contributory negligence, being questions peculiarly for the jury, the court will decline to solve them . . . except in plain and indisputable cases." (Citations and punctuation omitted.) *Farmers Mut. Exchange v. Milligan*, 156 Ga. App. 38, 39 (274 SE2d 83) (1980); see also *City of Winder v. Girone*, 265 Ga. 723, 724 (462 SE2d 704) (1995) ("Even if a defendant is negligent, a determination that a plaintiff assumed the risk or failed to exercise ordinary care for her own safety bars recovery for the resulting injury suffered by the plaintiff, unless the injury was wilfully and wantonly inflicted. *A plaintiff is held accountable for the failure to exercise due care for personal safety when doing an obviously dangerous act, and that failure is regarded as the sole proximate cause of the injury*.") (citations omitted; emphasis supplied). This is such a case. As the Supreme Court of Georgia explained over a century ago:

> A railroad-track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of trains upon that track. This is true without regard to the place where the track is, whether in the country, where pedestrians are not expected to be, or at a public road crossing, or at a street crossing, or at the stations and depots of railroad companies, where persons are expected and invited to be present, — no matter where the track is located, *any person who goes upon the same is bound to know that he is going upon a place where his presence would be attended with more or less danger. . . . An ordinarily prudent person in the possession of all his faculties would not attempt to cross a railroad-track at any place without using at least his sense of sight, if not that of hearing, to determine whether at the time and place he was about to cross the same there were present any of those dangers which a person of ordinary intelligence would reasonably apprehend.*

(Citations omitted; emphasis supplied.) *Western & Atlantic R. Co. v.*

*Ferguson*, 113 Ga. 708, 713 (39 SE 306) (1901); compare *Webster v. Vulcan Materials Co.*, 184 Ga. App. 749, 749-750 (362 SE2d 420) (1987) (reversing the grant of summary judgment for owner/operator of railroad car, upon finding no evidence that the victim hit thereby had actual knowledge that the railroad tracks the victim parked adjacent to were active, this foreclosing summary judgment, as a matter of law, based on the assumption of the risk of an obvious danger). Because the undisputed evidence in this case is that Holcomb failed to take those steps which an ordinarily prudent person would have taken to ascertain whether she faced the obvious danger posed by the presence of an oncoming train and to avoid such danger, summary judgment for Norfolk Southern was not error.

## *Case No. A08A1657*

2. Holcomb's claim that the trial court erred in denying her motion to exclude the affidavit of William Gary Utley in support of Norfolk Southern's motion for summary judgment is also without merit.

"[T]he question of whether a person possesses the qualifications as an expert witness rests entirely in the sound discretion of the trial court. [Cit.]" *Smith v. Smith*, 281 Ga. 380, 382 (1) (637 SE2d 662) (2006). Moreover, an expert may testify from facts or data "made known" to the expert prior to testifying. OCGA § 24-9-67.1.

The record shows that Utley was Division Road Foreman of Engines for the Alabama Division of Norfolk Southern, the division in which the accident occurred. By his affidavit, Utley testified that he was experienced with locomotive event recorders and was qualified to interpret the data recorded thereon; that such data accurately and reliably indicates the manner in which trains are operated; that the playback of the event recorder attached to his affidavit constituted "an accurate indication of how [the] train [at issue] was operated in Villa Rica prior to the accident with Mrs. Holcomb[ ]"; that he was "familiar with the pedestrian walkway where [the] accident occurred[ ]"; that "[a]t the top of the steps leading to the pedestrian walkway, there is an unobstructed view of an approaching train in each direction[ ]"; and that at such location "a pedestrian would be in the clear of a passing train by a distance of approximately 8 feet or more." Further, Utley testified that based on his knowledge of the dimensions of the locomotive in issue, Holcomb "had to have been within approximately 2-1/2 feet of the south rail of the track[,]" when struck by the train.

In support of her motion to exclude the affidavit, Holcomb offered only speculation and conjecture regarding the validity of the data recorded on the event recorder. She failed to present evidence

that Utley was unqualified or that the recording made by the recorder was not properly authenticated, and she failed to depose Utley to question his credentials or findings or to depose the individual who downloaded the data Utley interpreted. See OCGA § 9-11-56 (f). She also failed to hire an event recorder expert to challenge Utley's qualifications or the accuracy of the event recorder playback attached to his affidavit.

Given the foregoing, the trial court did not abuse its discretion in denying Holcomb's motion to exclude Utley's affidavit. *Smith*, supra, 281 Ga. at 382.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 22, 2009 —
RECONSIDERATION DENIED FEBRUARY 4, 2009

Emily Holcomb, *pro se.*
*Hall, Bloch, Garland & Meyer, John S. Stewart*, for appellee.