A11A1682, A11A2411. UDOINYION v. MICHELIN NORTH
AMERICA, INC. (two cases).
(721 SE2d 190)

MCFADDEN, Judge.

After a tire blew out on his car, Sunday N. Udoinyion brought a product liability action against Michelin North America, Inc., a division of which had manufactured the tire. The trial court granted summary judgment to Michelin. The trial court also ordered, over Udoinyion's objection, that the transcript of the hearing on the motion for summary judgment be included in the record on appeal of the summary judgment order. Acting pro se, Udoinyion appeals both rulings.

In Case No. A11A1682, Udoinyion appeals the grant of summary judgment to Michelin on the grounds that the evidence gave rise to a genuine issue of material fact and that the court erred in not allowing him to present his case at the hearing on the motion for summary judgment. We find, however, that Michelin satisfied its burden on summary judgment of negating an essential element of Udoinyion's claims — the existence of a defect — and that Udoinyion in response failed to point to any competent evidence giving rise to a genuine issue of material fact on this point. We further find that the court did not err in its conduct of the summary judgment hearing. Accordingly, we affirm in Case No. A11A1682.

In Case No. A11A2411, Udoinyion appeals the order directing the transcript of the summary judgment hearing to be transmitted as part of the record on appeal of the summary judgment order on the grounds that the transcript was fraudulent, that Michelin did not timely seek a ruling thereon, and that Michelin did not adequately respond to contentions Udoinyion made in an application for discretionary appeal. We find that the trial court did not err in ruling that the transcript accurately portrayed what had occurred at the hearing and that none of Udoinyion's other contentions merit reversal. Accordingly, we affirm in Case No. A11A2411.

Also in Case No. A11A2411, Udoinyion has filed a separate motion to strike Michelin's pleadings from the record and to reverse the summary judgment order at issue in Case No. A11A1682. Michelin has moved to supplement the record to respond to Udoinyion's motion. We deny Udoinyion's motion as lacking merit and Michelin's motion as moot.

Finally, we deny Michelin's motion seeking frivolous appeal sanctions in Case No. A11A2411.

*Case No. A11A1682*

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Hutto v. CACV of Colorado*, 308 Ga. App. 469 (707 SE2d 872) (2011). We review the grant or denial of summary judgment de novo, construing the evidence in favor of the nonmovant. Id.

So viewed, and pretermitting for the moment certain hearsay issues, the evidence showed that Udoinyion's tire blew out on July 21, 2007, while he was driving. Three days later, Udoinyion spoke on the telephone with a Michelin representative named "Mike" about the tire. Mike told Udoinyion he would call him back, but did not do so. On December 5, 2007, Udoinyion spoke on the telephone with a Michelin representative named "Eddie," who instructed Udoinyion to take the tire to Wal-Mart for evaluation. Udoinyoin did so on January 14, 2008, and a Wal-Mart tire shop manager spoke with Eddie on the telephone and told him that the tire had a manufacturing defect. Udoinyion then spoke with Eddie, who Udoinyion avers "did not contest the result of the tire inspection." Eddie also offered to replace the tire, but Udoinyion declined. On July 16, 2009, Udoinyion brought an action claiming that the tire had a defect and alleging that as a result of the blowout he crashed his car into a concrete barrier and sustained personal injuries and damage to the car.

Michelin moved for summary judgment and submitted the expert affidavit of Chuck Patrick, a tire design, manufacturing and forensic consultant. Patrick averred that he had training in tire design, tire manufacturing, and forensic tire inspection; that he was familiar with the proper methods of designing and manufacturing steel-belted radial passenger tires; and that he had conducted forensic inspections of "thousands" of tires. He averred that the separation of a tire's tread and one or more of its steel belts from the tire carcass can be due to a number of causes other than a defect. He further averred that he had conducted a forensic inspection of Udoinyion's tire and he opined, to a reasonable degree of scientific certainty, that the tire was appropriately designed, featured no design flaws or defects, was appropriately manufactured, and featured no manufacturing flaws or defects. Patrick also opined that the blowout most likely occurred because the tire was underinflated, and he noted that there were two unrepaired punctures in the tire.

In response to Michelin's motion for summary judgment, Udoinyion provided two expert affidavits of witnesses who also had inspected the tire. Witness Jerry Dobbins, who inspected the tire twice, averred that he had studied automotive technology and that he had 29 years of experience, but did not specify the nature of that

experience. Dobbins further averred that the tire had "completely separated" in a manner that he had never before seen, that the tire's material seemed "defect[ive] or inferior/weak," that he saw no punctures in the tire on his first inspection, and that on his second inspection he saw a staple in the tire that had not been there previously. Dobbins opined that, to the best of his knowledge and experience, the tire did not show the type of wear that would have occurred if it had been underinflated, that a puncture would not have caused the damage to the tire, and that possible causes of the blowout were "poor workmanship, inferior/weak material, [or] manufacture defect."

Udoinyion's other witness, Michael Reed, averred that he was an automobile technician with 16 years of experience in the automotive industry, that he saw a staple sticking out of the tire, and that he saw no evidence of underinflation. Reed opined that the damage to the tire was not caused by the holes in the tire but by the lack of a proper bond between the rubber and the steel, which he described as a manufacturing defect.

Also in support of his response to the motion for summary judgment, Udoinyion filed copies of news articles about a jury verdict in another tire blowout case and about a Michelin tire recall.

1. Udoinyion contends that genuine issues of material fact exist as to whether the tire had a defect giving rise to a cause of action under OCGA § 51-1-11 (b) (1), precluding summary judgment to Michelin. The existence of a defect in the product is an essential element of a products liability claim, whether brought under a theory of strict liability or of negligence. *Boswell v. Overhead Door Corp.*, 292 Ga. App. 234, 235 (664 SE2d 262) (2008).

Michelin presented evidence disproving this essential element of Udoinyion's claim through the opinion of its expert witness Patrick. Udoinyion argues that the Patrick affidavit must be disregarded as untimely. But Michelin submitted the affidavit contemporaneously with its motion for summary judgment in compliance with OCGA § 9-11-56 (b), which allows a defendant in a civil action to, "at *any time*, move with or without supporting affidavits for a summary judgment in his favor." (Emphasis supplied.) And we find no support in the record for Udoinyion's assertion that the Patrick affidavit should be disregarded as fraudulent or made in bad faith.

Because Michelin, through the Patrick affidavit, discharged its burden of showing an absence of evidence on the essential element that the tire was defective, the burden shifted to Udoinyion to point to specific evidence showing a genuine issue for trial. *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010). "The mere fact of a tire blowout does not . . . tend to establish that the tire was defective." (Citation and punctuation omitted.) *Firestone Tire &c.*

*Co. v. Jackson Transp. Co.*, 126 Ga. App. 471, 475 (191 SE2d 110) (1972).

Udoinyion contends that the Dobbins and Reed affidavits created a jury question on the issue of the existence of a defect. Michelin argued to the trial court that these affidavits did not meet the requirements of OCGA § 24-9-67.1 (b), which allows in a civil action a witness qualified by knowledge, skill, experience, training or education to give opinion testimony if "(1) [t]he testimony is based upon sufficient facts or data which are or will be admitted into evidence at the hearing or trial; (2) [t]he testimony is the product of reliable principles and methods; and (3) [t]he witness has applied the principles and methods reliably to the facts of the case."

Whether a witness may give an expert opinion under OCGA § 24-9-67.1 is a legal determination for the trial court, not to be disturbed absent a manifest abuse of discretion. *McGuire Holdings v. TSQ Partners*, 290 Ga. App. 595, 598 (1) (b) (660 SE2d 397) (2008). This standard has been applied in the summary judgment context to trial court rulings on the admissibility of expert opinion affidavits. See id.

Here, the trial court ruled that Udoinyion's affidavits were "totally inadequate." Both Dobbins and Reed merely averred that they had visually inspected the tire and that, in their opinions, the tire was defective. Their affidavits did not describe the facts or data upon which their opinions were based, aside from visual inspections of the tire; the affidavits did not explain the principles or methods they used to reach their conclusions about the tire; and the affidavits did not provide support for a conclusion that Dobbins and Reed had applied those principles and methods reliably in their inspections of the tire in this case. Given the paucity of the Dobbins and Reed affidavits, we find no error in the trial court's determination that they were inadequate to defeat summary judgment. See *McGuire Holdings*, 290 Ga. App. at 599 (1) (b). See also *Smith v. Liberty Chrysler-Plymouth-Dodge*, 285 Ga. App. 606, 607-609 (647 SE2d 315) (2007) (affirming grant of summary judgment to defendant in action for negligent maintenance and repair of vehicle, where plaintiff's expert affidavits did not satisfy requirements of OCGA § 24-9-67.1).

Alternatively, Udoinyion argues that the court was required to consider his expert affidavits under OCGA § 24-9-67. By its terms, however, that Code section applies to criminal cases, not civil cases.

Udoinyion contends that he should be entitled to a spoliation presumption, precluding summary judgment, because he asserts that at some point after the accident Michelin created two holes in the tire by putting a staple in it. "[S]poliation refers to the destruction or failure to preserve evidence that is necessary to contemplated

or pending litigation." (Citation and punctuation omitted.) *Silman v. Assocs. Bellemeade*, 286 Ga. 27, 28 (685 SE2d 277) (2009). The three expert affidavits are the only evidence regarding whether Michelin destroyed or failed to preserve the tire. Dobbins averred that when he first saw the tire it had no holes in it and that when he saw it again he observed a staple that had not been there previously; Patrick averred that he saw unrepaired punctures in the tire; and Reed averred that he saw the staple. Under these circumstances, we cannot say that the trial court was required to give Udoinyion a spoliation presumption. See *Kitchens v. Brusman*, 303 Ga. App. 703, 705 (1) (694 SE2d 667) (2010) (trial court has wide discretion in resolving spoliation issues).

Udoinyion contends that the copies of news articles he submitted demonstrated a history of Michelin tire failures that created a jury issue. But these articles were not authenticated and thus cannot be considered in our de novo evaluation of whether summary judgment was warranted. See *Baker v. Simon Property Group*, 273 Ga. App. 406, 407 (1) (614 SE2d 793) (2005); see also *Holcomb v. Norfolk &c. R. Co.*, 295 Ga. App. 821, 822 (673 SE2d 268) (2009) (rules as to the admissibility of evidence apply in summary judgment proceedings). Udoinyion also cites *Michelin Tire Corp. v. Crawford*, 170 Ga. App. 359 (317 SE2d 336) (1984), as an example of a case where a jury found a Michelin tire to be defective. Unlike here, however, the testimony of the plaintiff's expert in that case was sufficient to establish a defect. Id. at 360 (3).

Udoinyion contends that the statements and actions of Mike and Eddie preclude summary judgment. He argues that because these men did not deny a defect when Udoinyion brought the tire to Wal-Mart, Michelin may not now take a contrary position. The authority he cites for the proposition, however, pertains to the requirements placed on a defendant in filing an answer to a lawsuit or filing a response to a statement of material facts; this authority has no application to the actions of Mike and Eddie in this case. Udoinyion also argues that a jury issue is created by Eddie's statement on the telephone to a Wal-Mart employee that the tire was defective. But Udoinyion's affidavit testimony, both that Eddie made the statement to the employee and the description of what he allegedly said, is hearsay. See OCGA § 24-3-1 (a). Finally, there is no merit in Udoinyion's contention that Eddie's offer to replace the tire is evidence of a defect. See OCGA § 24-3-37 ("admissions or propositions made with a view to a compromise are not proper evidence"). Cf. *Simpson v. Hyundai Motor America*, 269 Ga. App. 199, 201, 204 (1) (a) (603 SE2d 723) (2004) (finding in warranty action that plaintiffs had presented no evidence that car had defect; evidence did show, however, that car manufacturer had offered to

replace car).

In summary, Michelin demonstrated an absence of evidence that the tire was defective, and Udoinyion failed to point to any evidence giving rise to a triable issue. Consequently, the trial court did not err in granting summary judgment to Michelin. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. Udoinyion argues that the trial court erred in its conduct of the hearing on Michelin's summary judgment motion. He contends that the court refused to hear argument on his pleading styled a "cross-motion for summary judgment," and that the court did not allow him to represent himself or to present at that hearing evidence in the form of oral expert witness testimony or the tire itself. Notwithstanding its style, Udoinyion's pleading was in substance an opposition to Michelin's motion for summary judgment, not a separate summary judgment motion. See *Dudley v. Wachovia Bank*, 290 Ga. App. 220, 224 (2) (659 SE2d 658) (2008) (substance, rather than nomenclature, of legal pleadings determines their nature). And the transcript of the summary judgment hearing shows both that the trial court permitted Udoinyion to present argument opposing summary judgment and that the court did not receive evidence from any party during the summary judgment hearing. See *Gunter v. Nat. City Bank*, 239 Ga. 496, 497 (238 SE2d 48) (1977) (the law creates no obligation on the trial court to permit the use of oral evidence at a hearing on a motion for summary judgment). Moreover, the transcript does not show that Udoinyion sought to introduce the tire as physical evidence at the hearing. We find no error.

## Case No. A11A2411

In his notice of appeal from the motion granting summary judgment in Case No. A11A1682, Udoinyion stated that no transcript was to be included in the appellate record. Michelin then requested that the transcript of the July 22, 2010 summary judgment hearing be included. See OCGA § 5-6-42. Udoinyion objected, and after a hearing on the issue pursuant to OCGA § 5-6-41 (f), the trial court ordered the transcript's inclusion in the record. Udoinyion appeals from this order.

Udoinyion does not include any enumeration of errors in his appellate brief, as required by Court of Appeals Rules 22 (a) and 25 (a) (2). In his "Argument and Citation of Authority," however, he asserts a list of "discrepancies" in connection with the contested transcript. Even if we consider these "discrepancies" as enumerations of error, see generally *Miley v. Thornburg Mtg. Home Loans*, 294 Ga. App. 140, 140-141 (668 SE2d 560) (2008), they are without merit for the following reasons.

3. Udoinyion argues that the transcript is fraudulent because he

claims it contains numerous alleged inaccuracies and was certified by a court reporter who he contends was not present in the courtroom during the summary judgment hearing. He notes that the transcript contains an incorrect date for his accident (which, at the hearing on the transcript, Michelin conceded was an error), he speculates that other portions of the transcript must be wrong because they reflect incorrect grammar, and he states that neither he nor his expert witness Dobbins, who attended the summary judgment hearing, recalls other statements reflected in the transcript. Udoinyion also asserts that no party requested that the hearing be taken down and states that neither he nor Dobbins recalls a court reporter being present during the hearing. Dobbins submitted an affidavit to this effect. In addition, Udoinyion argues that Michelin, in its response to his opposition to the transcript, conceded that the court reporter was not present at the hearing; in fact, Michelin argued the opposite in that brief.

"Where the correctness of the record is called into question the matter is to be resolved by the trial court." (Citations and punctuation omitted.) *State v. Nejad*, 286 Ga. 695, 697 (1) (690 SE2d 846) (2010). After hearing Udoinyion's arguments and reviewing the July 20, 2010 summary judgment hearing transcript, which contained a court reporter's certification, the trial court ruled that the transcript "accurately portrays the motion hearing."

A transcript certified by a court reporter is presumed to be true, accurate and correct unless the trial court requires its correction. OCGA § 15-14-5; *Willis v. Willis*, 288 Ga. 577, 581 (3) (i) (707 SE2d 344) (2010). We find no merit in Udoinyion's contention that the certification did not meet the requirements of OCGA § 15-14-5. And nothing in the record before us requires a conclusion that the trial court abused its discretion in ruling that the certified transcript of the hearing, which was presided over by the same judge who made the ruling, accurately depicted what had occurred. See generally *Murphy v. State*, 267 Ga. 100, 101 (5) (475 SE2d 590) (1996) (applying abuse of discretion standard of review to court's decision regarding correctness of a certified transcript).

4. Udoinyion contends that Michelin did not timely request a hearing on the accuracy of the transcript under OCGA § 5-6-41 (f). But it was Udoinyion, as the party complaining about the transcript, who had the burden to seek corrective action under that Code section. See *Nejad*, 286 Ga. at 698 (1). His argument does not support the reversal of the trial court's order to include the transcript in the appellate record.

5. Udoinyion initially applied for discretionary review of the court's order directing inclusion of the transcript, although we determined that the order instead was subject to direct appeal, and

he complains that Michelin did not address in its response some of the issues raised in that application. Because this claim does not assert an error of the trial court, it presents nothing for us to review. See *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999) (this is a court for the correction of errors made by the trial court). Moreover, we find no merit in Udoinyion's contention that Michelin's alleged failure to respond to specific issues raised in an application for discretionary review constitutes an admission. See generally OCGA § 5-6-35 (e) (regarding contents of response to application for discretionary review).

6. Udoinyion has moved in Case No. A11A2411 to "strike [Michelin's] summary judgment, reverse summary judgment in favor of [Michelin], strike all responses and pleadings by [Michelin] from record and rule in favor of [Udoinyion]," on the ground that Michelin has evaded or inadequately responded to Udoinyion's claims throughout the course of the litigation below and on appeal. This motion merely asks that we decide in his favor issues Udoinyion raised in either Case No. A11A1682 or Case No. A11A2411. We have resolved those issues in deciding those cases. Udoinyion's motion is therefore denied.

7. In light of our ruling in Division 6, supra, Michelin's motion to supplement the record in Case No. A11A2411 with items that are a part of the record in Case No. A11A1682, so as to respond to those allegations in Udoinyion's motion that concern the merits of Case No. A11A1682, is denied as moot.

8. Michelin's motion for imposition of sanctions for a frivolous appeal is hereby denied.

*Judgments affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 8, 2011 — ▮▮▮▮▮▮▮

Sunday N. Udoinyion, *pro se*.
*Peters & Monyak, C. Angela Hinds*, for appellee.