S10F1357, S10F1358. WILLIS v. WILLIS; and vice versa.
(707 SE2d 344)

BENHAM, Justice.

These appeals from the entry of a judgment and decree of divorce are before the Court by way of this Court's grant of the parties' applications for discretionary appeal under this Court's pilot project pursuant to which we grant all non-frivolous applications from the entry of a final judgment and decree of divorce. *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

Carl J. Willis II and Kimberly Spence Willis were married on September 9, 2006, and separated in April 2008. Husband filed a complaint for divorce in March 2009, and the judgment and decree of divorce was entered on January 6, 2010. The trial court incorporated into the final decree the parties' agreement concerning the marital home and that neither party would pay spousal support, and the trial court awarded the parties shared joint legal and physical custody of the sole child born of the marriage, with the parties exercising physical custody of the child on alternate weeks. Solely for purposes of calculating child support, the trial court designated Husband as the non-custodial parent and found his monthly income to be $4,166 and Wife's monthly income to be $2,333. After noting that Wife was paying monthly health insurance premiums of $208 to cover the child, the trial court ordered Husband to pay monthly child support of $961 to Wife and to divide evenly with Wife the child's uninsured health-care expenses. The decree required the parents to consult and confer with each other on "major decisions" regarding their child and required the parties to use the services of a co-parenting

counselor should they reach an impasse prior to exercising final decision-making authority. Wife was given authority to make final decisions with regard to the child's non-emergency health issues and his religious upbringing, while Husband was given authority to make final decisions on matters of the child's education and extra-curricular activities. The final decree also provided that Wife could request hair follicles from Husband four times a year in order to test for illegal substances. Husband was ordered to pay $7,000 in attorney fees to Wife's counsel.

On appeal, Husband complains the trial court abused its discretion and unjustly enriched Wife when it did not make a deviation in the presumptive child support on account of the equal division of child custody, and erred when it authorized drug-testing of Husband without any evidence of current or recent drug usage by Husband. In Case No. S10F1358, Wife takes issue with the award of shared physical custody of the child and with Husband having final decision-making authority on childcare and education. Wife also maintains that the trial court and members of the court's staff acted improperly while the case was pending in the trial court, to Wife's detriment.

1. OCGA § 19-6-15 (b) sets out the process for calculating child support. The trial court followed the statutory procedure, finding Wife's pro rata share of the parties' combined income to be 35.9% and Husband's to be 64.10%, which equated to pro rata basic child support obligations of $368.69 and $658.31, respectively. See OCGA § 19-6-15 (b) (1)-(5). After making adjustments for each party's monthly payment of work-related childcare ($600 each party) and the child's health insurance expenses ($208.19 paid by Wife), the trial court determined the adjusted child support obligation to be $874.23 for Wife and $1,560.96 for Husband. After making the adjustment for the payment of the additional expenses, the trial court determined the presumptive amount of child support for Wife to be $66.04 and $960.96 for Husband, with none of the deviations allowed under OCGA § 19-6-15 (b) (8) being applicable. See OCGA § 19-5-16 (b) (6)-(8). Husband contends the trial court abused its discretion in failing to make a deviation for parenting time based upon the award of joint physical and legal custody made by the trial court. See OCGA § 19-6-15 (i) (2) (K) (i). However, as noted by the trial court in its order denying Husband's motion to correct the final judgment,

> in order to grant any deviation, the [trial court] must find that the application of the presumptive amount of child support would be unjust or inappropriate and that the best interest of the child for whom support is being determined will be served by deviation from the presumptive amount of child support.

See OCGA § 19-6-15 (c) (2) (E) (iii). The trial court went on to state that it

> did not find that the presumptive amount of child support was excessive or inadequate, or that it was unjust or inappropriate under the circumstances [and] . . . also did not find that a downward deviation in [Husband's] support amount would be in the best interests of the minor child.

The trial court did not abuse its discretion in declining to make a deviation to the presumptive amount of child support based on parenting time. Compare *Turner v. Turner*, 285 Ga. 866 (1) (684 SE2d 596) (2009) (where this Court reversed a trial court's application of a parenting-time deviation without making the statutorily-required findings).

Husband also contends the trial court's failure to require Wife to pay child support in addition to the monthly payment of $808 for health insurance and one-half of the monthly childcare expense deprived the child of child support while in Husband's custody and unjustly enriched Wife, who received monthly child support payments despite the fact the child was in her custody for only half the month. The award of child support reflected the relative financial resources of each parent, adjusted to take into consideration payments each parent was making on behalf of the child for childcare and healthcare. There was no evidence the child was deprived or the Wife unjustly enriched by the trial court's decision not to deviate from the presumptive child support. As stated above, while shared custody is a factor that may be considered to modify presumptive child support, it is within the trial court's discretion to do so, and the trial court expressly declined to do so after determining it could not make the findings necessary to make a deviation.

2. Lastly, Husband contends the trial court erred when it added a requirement for drug testing of Husband's hair that was supported only by post-trial comments of Wife and without any evidentiary support of recent or current drug usage by Husband. That Husband testified he had not used drugs in the ten months preceding the hearing was not controlling as there was evidence that Husband had ingested drugs during the child's lifetime. The trial court did not abuse its discretion when it imposed this condition.

3. (a) In Case No. S10A1358, in enumeration 1, Wife asserts the trial court's award of shared joint physical custody was not supported by the evidence, was contrary to law, and was not in the child's best interest. However, there was evidence that the child had a good relationship with each parent and that each parent had adequate housing for the child and could provide what the child

needed. The trial court expressly found it was in the child's best interests that his parents share joint physical custody on alternating weeks. In addition, the Social Service Coordinator assigned to this case recommended to the trial court that the parents share evenly-divided joint physical custody of the child. It is clear that the trial court's decision was supported by the evidence and was made with the best interests of the child in mind.

(b) In enumeration 2, Wife complains that the trial court made its award of shared physical custody without "properly consider-[ing]" Husband's failure to provide financial support and visit the child prior to the issuance of a court order. The trial court heard testimony concerning Husband's relationship with his child, the financial payments he made while the child and Wife were living with Wife's parents in another state, and the difficulty of visiting the infant when the child and Wife were living with Wife's parents. In order to enforce Georgia's policy favoring shared rights and responsibilities between parents, the trial court must give "due consideration" to the feasibility of a joint custody arrangement. *Baldwin v. Baldwin*, 265 Ga. 465 (458 SE2d 126) (1995); OCGA § 19-9-6 (1). The trial court's order found both parents to be fit and proper, acknowledging that each parent had strengths and weaknesses. We cannot say the trial court abused its discretion in awarding joint physical custody of the child.

(c) In enumeration 3, Wife maintains that the award of joint physical custody was error in light of the trial court's finding that Husband was a man of poor character. The trial court made no such finding, making Wife's enumeration without merit.

(d) In enumeration 4, Wife claims the trial court erred when it relied upon the report of the Social Services Coordinator because the evidence at trial showed the report was based on lies and misrepresentations. As factfinder, it was the trial court's duty to reconcile seemingly conflicting evidence and to weigh the credibility of witnesses. We cannot say the trial court abused its discretion in relying on the report of the Social Services Coordinator.

(e) In enumeration 5, Wife argues that the award of joint physical custody is inconsistent with the trial court's requirement that Husband should submit to testing for drug usage at Wife's request, starting 90 days from the judgment and decree of divorce, and that the trial court should have awarded Husband extended visitation prior to granting shared joint physical custody. As stated earlier, the trial court was required to consider the feasibility of a joint custody arrangement and found such an arrangement to be in the child's best interests. As there is evidence that supports the trial court's decision, we cannot say the trial court abused its discretion.

(f) In enumeration 6, Wife contends the trial court did not

"properly factor" into its decision the deposition of an employee of the child's pediatrician recounting incidents of Husband's behavior. The trial judge informed the parties she would read the deposition in lieu of the parties reading aloud the deposition into the record during the trial. There is no evidence that the trial court did not do as it said it would. Wife's enumeration is without factual basis.

(g) In enumeration 7, Wife believes the trial court erred in giving Husband final decision-making authority on matters of childcare and education because Husband did not prove at trial he had made decisions on these matters previously and Wife testified she had made all such decisions. The divorce decree requires the parents, when making "major decisions" regarding the child, to confer and consult with one another and with a co-parenting counselor, if necessary, before the parent with final decision-making authority exercises that authority. The trial court did not abuse its discretion in deciding which parent would have that authority on a variety of subjects.

(h) In enumeration 8, Wife asserts the trial court erroneously prolonged the proceedings, thereby allegedly permitting Husband to establish a record of childcare and to exercise extended visitation from which he gained shared joint physical custody. The judgment and decree of divorce was entered within ten months of the filing of the complaint for divorce. There is no evidence that the proceedings were erroneously prolonged by the trial court.

(i) In enumeration 9, Wife contends that the transcript certified by the court reporter does not accurately reflect what Wife recalls having transpired. The trial court denied Wife's request that the court reporter's audiotapes be re-played in Wife's presence to establish the accuracy of the certified transcript of Wife's remarks against Wife's recollection thereof.

The trial transcript certified by the court reporter is presumed to be true, accurate, and correct. OCGA § 15-14-5. "Where the correctness of the record is called into question the matter is to be resolved by the trial court." *Patterson v. State*, 233 Ga. 724, 731 (213 SE2d 612) (1975); OCGA § 5-6-48 (d). Wife has not shown error in the trial court's failure to adopt Wife's recollected version of what transpired during the hearing in favor of the court reporter's certified transcript.

(j) In enumeration 10, Wife asserts error in the failure to extend the law against child abandonment to include spousal abandonment. Spousal abandonment was not an issue in the case at bar.

(k) In enumerations 11 and 12, Wife maintains that it appears the trial court pre-judged appellant and her family and states her belief that the judgment and decree of divorce is the result of the trial court's alleged "negative personal beliefs regarding military fami-

lies." There is no basis in the record for such assertions.

(l) In enumeration 13, Wife sees error in the requirement that litigants pay filing fees and court costs in the trial and appellate courts, and suggests imposition of a fine, payable to litigants to off-set litigation expenses, for frivolous errors committed by officers of the court. Inasmuch as the payment of filing fees and other court costs does not affect the judgment and decree of divorce, we need not address Wife's suggestion.

(m) The assertions made in enumeration 14 concerning the trial court are without foundation and will not be considered further.

(n) In enumeration 15, Wife asserts that "separation of power" was violated when this Court approved the "One Family, One Judge" rule used in the Superior Court of Fulton County. Again, Wife's allegations of corruption in the trial court are without foundation and will not be addressed.

(o) In enumeration 16, Wife contends this Court erred in denying her motion to supplement the record in the face of "clear evidence of corruption." The motion was properly denied as the pertinent documents listed in Wife's motion were in the appellate record and there was no abuse of discretion in the trial court's refusal to supplement the record with the court reporter's takedown tapes.

4. We do not consider enumerations 17-35 because they were not filed timely. Enumerations of error must be filed by the time appellant's brief is filed (see OCGA § 5-6-40; Supreme Court Rules 10 and 19),[1] and supplemental enumerations of error untimely filed are not considered. *Potter v. State*, 283 Ga. 576, 578, n. 5 (662 SE2d 128) (2008); *Harrison v. State*, 268 Ga. 574 (5) (492 SE2d 218) (1997). While Supreme Court Rule 24 authorizes a litigant to file supplemental briefs on issues timely presented at any time before a decision is issued, it is not a means by which a party may circumvent the requirement that enumerations of error be timely submitted. *Potter v. State*, supra, 283 Ga. at 578, n. 5.

5. Husband's motion for imposition of sanctions for Wife's violations of Supreme Court Rule 29 is denied.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 24, 2011 —
RECONSIDERATION DENIED FEBRUARY 28, 2011.

---

[1] Appellant having been granted an extension of time in which to file her brief, her brief to this Court was due on June 10, 2010; enumerated errors 17-22 were first raised in a supplemental brief filed June 17; enumerated error 23 was first raised in a brief filed July 7; enumerated error 24 in a brief filed July 13; enumerated error 25 in a brief filed August 10; enumerated errors 26-33 in a brief filed September 7; and enumerated errors 33-35 in a brief filed October 25.

*G. Clyde Dekle III*, for appellant.
Kimberly S. Willis, *pro se*.