A11A2082. RIDLEY v. SOVEREIGN SOLUTIONS, LLC.

(727 SE2d 135)

PHIPPS, Presiding Judge.

This litigation arose after Sheila Ridley and her former employer, Sovereign Solutions, LLC parted ways. The parties sued each other, then filed cross-motions for summary judgment. The trial court ruled in Sovereign Solutions' favor, and Ridley appeals. For reasons that follow, we affirm in part and reverse in part.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] "In our de novo review of the grant [or denial] of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant."[2]

So viewed, the record shows that Ridley was employed initially by another company, Stafford Development Company (SDC), to evaluate workers' compensation and health insurance programs. Having enjoyed success thereby, Ridley and SDC formed a new company, (appellee) Sovereign Solutions, that also would engage in the insurance business. Ridley served as Sovereign Solutions' president and also provided services to certain of Sovereign Solutions' customers. When discord allegedly arose between Ridley and personnel at SDC and Sovereign Solutions, Ridley (on one hand) and the two companies (on the other) executed a Separation and Services Agreement.

Among its provisions, the Agreement stated that Ridley's employment with SDC and Sovereign Solutions terminated as of March 16, 2007. The Agreement provided that Ridley would continue, however, to provide consulting services to Sovereign Solutions and to at least one customer, Woodgrain Millworks, Inc.; and that Ridley would receive certain revenues paid by that customer and others. With respect to this arrangement, the Agreement allowed for either party to terminate the Agreement by providing 30 days' written notice to

---

[1] OCGA § 9-11-56 (c).

[2] *Cowart v. Widener,* 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted).

the other. Additionally, the Agreement set forth that Ridley would receive "a fax machine and copier, with Ridley assuming the lease for this equipment." It is undisputed that, in October 2008, Sovereign Solutions sent written notice to Ridley terminating the Agreement.

Thereafter, in June 2009, Sovereign Solutions sued Ridley for damages, alleging that Ridley had failed to make payments on the leased equipment. Later, in February 2010, Sovereign Solutions added a count that Ridley was indebted to it for unpaid advances or loans.

Ridley denied liability in her answer. She also counterclaimed that Sovereign Solutions had defamed her by making misleading and discrediting statements to Woodgrain (and other companies) to such an extent that Sovereign Solutions had prevented her from providing services to that customer. Further, she asserted that Sovereign Solutions had violated the covenant of good faith and fair dealing, thereby breaching their Agreement.

Sovereign Solutions sought summary judgment on its two claims against Ridley, as well as on Ridley's counterclaims asserted against it. As evidentiary support, Sovereign Solutions presented the affidavit of SDC's chief financial officer. Ridley opposed Sovereign Solutions' motion and further sought summary judgment on Sovereign Solutions' claim for repayment of alleged loans/advances. As evidentiary support, Ridley presented her own affidavit.

Sovereign Solutions moved to strike Ridley's affidavit in its entirety; alternatively, it argued in detail that specified paragraphs should be stricken on various grounds. At a hearing on February 14, 2011, the trial court allowed argument on Sovereign Solutions' motion to strike and on both parties' motions for summary judgment. Ridley's counsel sought and obtained a two-week extension to file a response to the motion to strike.

On March 1, 2011, Ridley filed a pleading captioned "[Ridley's] Response to Plaintiff's Motion to Strike and Supplemental Response in Opposition to Plaintiff's Motion for Summary Judgment and Brief in Support Thereof." Therein, she explained that an accompanying affidavit was of a third party and was being filed "in further response to [Sovereign Solutions'] motion for summary judgment." Further, she explained,

> [Ridley] is not going to attempt to address each and every paragraph of Plaintiff's motion to strike. Instead, [Ridley] will show the Court that with respect to the critical allegations set forth in Ms. Ridley's affidavit, *together with [the*

*third-party's] affidavit* and the record of this case, there are material disputed facts to warrant sending this case to the jury.[3]

Without elaboration, the trial court struck 35 of the 46 paragraphs set forth in Ridley's affidavit. It expressly refused to consider the third-party affidavit submitted by Ridley *after* the hearing. The court then summarily granted Sovereign Solutions' motion for summary judgment and denied Ridley's motion for summary judgment.

1. As a threshold matter, we note that, in her initial brief to this court, Ridley did not enumerate as error the trial court's ruling on Sovereign Solutions' motion to strike; she did not cite where in the record she made any argument opposing Sovereign Solutions' motion to strike; nor did she set forth any argument urging us to conclude, or provide any authority for a conclusion, that the trial court erred in striking, or refusing to consider, any portion of either affidavit she presented.[4]

Sovereign Solutions has posited that, because the only evidence in Ridley's favor that remained at the time of the summary judgment ruling was comprised of 11 paragraphs of her own affidavit, the contentions on appeal concern whether those paragraphs, alone, were sufficient to establish a genuine issue as to any material fact.[5]

In her reply brief, Ridley stated that the "stricken portions of [her] affidavit and [the third party's] affidavit are of little consequence to this Appeal." However, she asserted then (and for the first time on appeal, yet without any argument or citation to authority) that "the trial court erred in striking them." This claim of error, not made until the reply brief, is untimely and presents nothing for review.[6]

Ridley states further in her reply brief, "As [Sovereign Solutions] correctly points out, the primary issue in this case is whether the

---

[3] (Emphasis supplied.)

[4] See Court of Appeals Rule 25; see generally *Mercer v. Washington Mut. Home Loans*, 287 Ga. App. 388-389 (651 SE2d 499) (2007) (granting appellee's request for sanctions against appellant pursuant to this court's Rule 15 partly because appellant made no argument on appeal as to why the trial court's ruling dismissing her pleading was erroneous).

[5] Compare *Dierkes v. Crawford Orthodontic Care*, 284 Ga. App. 96, 99 (2) (a), n. 10 (643 SE2d 364) (2007) (where motion to strike affidavit was *not* ruled upon, appellate review of summary judgment required examination of the affidavit); *Kirk v. Ashley*, 199 Ga. App. 805, 806-808 (2), (3) (406 SE2d 82) (1991) (appellant contested both the trial court's ruling that affidavit was legally insufficient *and* the resulting grant of summary judgment).

[6] See *Willis v. Willis*, 288 Ga. 577, 582 (4) (707 SE2d 344) (2011); *Potter v. State*, 283 Ga. 576, 578 (3), n. 5 (662 SE2d 128) (2008); Court of Appeals Rule 22 (a).

un-stricken portions of [her] affidavit were sufficient to establish a dispute of material fact." We proceed accordingly.[7]

2. Ridley contends that the trial court erred in granting summary judgment to Sovereign Solutions on its claim related to the leased equipment. She has shown, however, no issue as to any material fact.

Sovereign Solutions alleged in its complaint that Ridley had agreed to be responsible for lease payments in connection with a "Savin 3515F copier," that she had failed to make payments, and that she was indebted to it for $3,283.45. Seeking summary judgment therefor, Sovereign Solutions adduced the affidavit of SDC's chief financial officer. He recounted that in April 2009, "S S[8] began to receive demands from attorneys for the lease company . . . with respect to the lease of the fax/copier machine and we ultimately settled those claims for $3,283.45."

Ridley briefed to the trial court: "[Ridley] does not dispute that she received from [Sovereign Solutions] a printer and fax machine [and] that she agreed to make certain payments." She stated similarly in her affidavit that the Agreement allowed her to "continue to use the copier/fax machine" and that she "used the copier/fax machine in the context of performing services under the referenced agreement."

On appeal, Ridley makes two arguments as to why the grant of summary judgment was not authorized. First, she asserts that during the course of the litigation, Sovereign Solutions provided her with conflicting information regarding the specific office equipment at issue. Thus, she cites an averment in her affidavit — that "[she] does not have and has never had a Savin copier SLP38CD Serial #P6030100998" — as having created an issue of material fact. It did not; as set forth above, Sovereign Solutions' claim did not include any such description for the office equipment at issue.

Second, Ridley maintains that she met all obligations with regard to assuming the lease. But Ridley has failed to cite any unstricken portion of her affidavit that provides the requisite evidentiary support.[9] Where, as here,

> a motion for summary judgment is made and supported as provided in [OCGA § 9-11-56], an adverse party may not rest

---

[7] See *Dept. of Transp. v. Calfee Co. &c.*, 202 Ga. App. 299, 306 (414 SE2d 268) (1991) (the burden is on the party appealing to craft enumerations of error, as well as appellate arguments).

[8] Citing this averment on appeal, Ridley equates "S S" with "Appellee." As the record so permits, we will, also. See *Cowart*, supra at 624 (1) (a) (reviewing court must view evidence, and all reasonable inferences drawn therefrom, in light most favorable to nonmovant).

[9] See Division 1, supra.

upon the mere allegations or denials of his pleading, but [her] response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If [s]he does not so respond, summary judgment, if appropriate, shall be entered against [her].[10]

Under the circumstances shown here, summary judgment in Sovereign Solutions' favor is affirmed with respect to the company's claim against Ridley for indebtedness related to the leased office equipment.[11]

3. Ridley challenges the trial court's rulings on Sovereign Solutions' claim related to alleged loans and/or advances.

(a) Ridley contends that the trial court erred by granting Sovereign Solutions' motion for summary judgment.

Sovereign Solutions alleged in its complaint that Ridley owed it approximately $89,100 "in advances for loans made to her during the course of her association with" it. In seeking summary judgment on this claim, Sovereign Solutions relied upon the affidavit of SDC's chief financial officer, who recounted: "During the course of [Ridley's] employment, [SDC] made loans and/or advances to Ridley in the amount of $89,178.00. These claims have now been assigned to Sovereign Solutions and Sovereign seeks recovery of these amounts." We agree with Ridley that Sovereign Solutions was not entitled to summary judgment against her on this claim, in light of her affidavit wherein she stated that she "did not borrow money from [Sovereign Solutions] and does not owe [Sovereign Solutions] money under a promissory note or other advance."[12]

(b) Ridley contends that the trial court erred by denying her motion for summary judgment, asserting that "the trial court should have found that the loans and advances came within the 'Covenant Not-to-Sue by Sovereign and Stafford' " clause of the Agreement. That clause stated:

Sovereign [Solutions] and [SDC] covenant and agree not to file or initiate a lawsuit against Ridley in regard to claims, demands, causes of actions, suits, damages, losses and expenses, arising from acts or omissions of Ridley made by or before the

---

[10] OCGA § 9-11-56 (e); *Cowart,* supra at 623-624 (1) (a).
[11] OCGA § 9-11-56 (c); *Cowart,* supra.
[12] See OCGA § 9-11-56 (c).

Effective Date, and will ask no other person or entity to initiate such a lawsuit on its or their behalf.

The Agreement defined "Effective Date" as "the eighth (8th) day after the date on which Ridley signs the Agreement." Ridley signed the Agreement on April 11, 2007, thereby providing for an Effective Date of April 19, 2007.

However, Ridley concedes (and we agree) that the record lacks "evidence with regard to the nature of the alleged loans and advances, making it impossible to determine whether such loans and advances came within the scope of the" cited clause.[13] Because the record does not show, as a matter of law, whether the cited clause barred Sovereign Solutions' claim, Ridley has failed to show any error in the trial court's denial of her motion for summary judgment.[14]

4. Ridley contends that the trial court erred by granting summary judgment to Sovereign Solutions on her counterclaims. However, she has only conclusorily stated that genuine issues of material fact exist.[15] Furthermore, the trial court struck 19 of the 20 paragraphs within Ridley's affidavit that pertained specifically to her counterclaims, and struck in its entirety the second affidavit filed by Ridley to overcome Sovereign Solutions' attack upon her counterclaims.

The sole surviving paragraph of the pertinent section of Ridley's affidavit stated:

From the beginning of the separation agreement, I was asked to send a detail list of open issues with respect to software problems. There are over 500 documented errors that were sent to Mr. Deo and Mr. Lock.

Ridley has made no attempt to argue to this court how that paragraph resuscitates her counterclaims. And her conclusory claim that genuine issues of material fact exist falls short of demonstrating reversible

---

[13] See *Lau's Corp. v. Haskins*, 261 Ga. 491-493 (405 SE2d 474) (1991) (when a trial court rules on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion).

[14] Id. at 491 (to prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law).

[15] See generally *Clark v. Stafford*, 239 Ga. App. 69, 74 (4) (522 SE2d 6) (1999) ("stat[ing] conclusorily that there is no evidence" fell short of proper argument because it merely invited the appellate court to review the entire record and all relevant authority to determine whether the trial court's ruling was appropriate).

error.[16] As to Ridley's counterclaims, the trial court's grant of summary judgment to Sovereign Solutions is affirmed.

*Judgment affirmed in part and reversed in part. Andrews and McFadden, JJ., concur.*

DECIDED MARCH 28, 2012.

Taylor, Odachowski, Schmidt & Crossland, Joseph R. Odachowski, Noah W. Priest-Goodsett, for appellant.
Spurlin & McCorvey, John C. Spurlin, for appellee.

---

[16] See *Sirdah v. North Springs Assocs.*, 304 Ga. App. 348, 352 (2) (696 SE2d 391) (2010) (rejecting appellant's blanket assertion that the trial court erred in granting summary judgment because a genuine issue of material fact existed; appellant must support enumerated error with argument and citations of authority, and mere conclusory statements are not the type of meaningful argument contemplated by Rule 25); see generally *Clark*, supra.